## No. 5728.

A. H. GALE & Co. vs. GEORGE W. DOLL.   JOSEPH MARISTANY, SECURITY.

Plaintiff took a rule upon the security on the appeal bond, to show cause why he should not respond to the judgment.   The objection is that the writ of *fieri facias* was returned before the delays therefor given by law had expired.

The return shows that the defendant was absent from the city, and that demand had been made on every one, within the reach of the sheriff, interested in the judgment, for the satisfaction thereof.

This rule was regularly taken by the plaintiffs, and notice thereof given to the defendant.   He appeared by counsel when it was on trial and made none of the defenses set up here.   He does not show in what he was injured.   There is no error in the judgment against him.

APPEAL from the Fifth District Court, parish of Orleans.   *Cullom, J. Rouse & Grant,* for plaintiffs and appellees.   *Hornor & Benedict,* for defendant and appellant.

Gale & Co. vs. Doll.

Morgan, J.   There was judgment against the defendant, from which he took a suspensive appeal, Maristany being security on the appeal bond.   The judgment appealed from was affirmed.   Execution issued, and was returned *nulla bona*.   Then plaintiffs took a rule upon the security to show cause why he should not respond to the judgment. The rule was made absolute, and he has appealed.

He contends:

First—That the allegations of the said rule do not entitle the plaintiffs to a judgment against the surety.

Second—That the writ of *fieri facias* was prematurely returned, being issued on the fifth of January, 1875, and returned on the twelfth of January, 1875, after one week's delay.

Third—That the return on the writ of *fieri facias* is illegal and insufficient to warrant action against the surety.

The first objection is refuted by a simple perusal of the rule.   The second and third amount to the same thing.

The return is as follows:

" Received, January 5, 1875.   After diligent search and inquiry, could not find the defendant, George W. Doll, nor any property belonging to said defendant, Doll. . I was credibly informed that the defendant was absent from the city.   Made demand on Joseph Maristany, Jr., surety on the appeal, to point out property of defendant, which he failed to do. I called on Messrs. B/aughn & Buck, attorneys of record of the defendant, to point out property, which they were unable to do.   I then made demand of the plaintiffs' attorney, who said he knew of no property belonging to said defendant.   I now therefore return this writ, no money or property found.   *Returned by order of plaintiffs' attorney*, January 12, 1875."

"(Signed)                ROBERT SWAIN, Deputy Sheriff."

The objection is that the writ was returned before the delays therefor given by law had expired.

The return shows that the defendant was absent from the city, and that demand had been made on every one within the reach of the sheriff interested in the judgment for satisfaction thereof.

This rule was regularly taken by the plaintiffs and notice thereof given to the defendant.   He appeared by counsel when it was on trial and made none of the defenses set up here.   He does not show in what he has been injured.

Judgment affirmed.