Where through failure to perfect plaintiff's right to appeal from a judgment dismissing the injunction had been lost, an appeal from an order, adjudging the surety on the bond given in perfecting the appeal from dismissal of the injunction, will be dismissed, the matter being moot.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. ☞781(2).]

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; Joseph E. Le Blanc, Jr., Judge.

Suit by J. Franklin Moniotte against Lamartine Bouanchaud, Sheriff, and others. From a judgment dissolving an injunction, plaintiff appealed, and thereafter judgment was rendered on a rule declaring the surety on the bond given in the original appeal to be insufficient, and plaintiff appeals. Appeal dismissed.

Claiborne, Claiborne & Claiborne, of New Roads, for appellant. William C. Carruth and Bouanchaud & Kearney, all of New Roads, for appellees Bennett.

PROVOSTY, J. An appeal having been taken from a judgment dissolving an injunction, and it having been perfected by the giving of bond, a rule was taken in the trial court to show cause why the surety on the appeal bond should not be declared to be insufficient. Judgment was rendered on this rule declaring the surety to be insufficient, and the matter now to be considered is an appeal from the latter judgment.

Appellee calls attention to the fact that the transcript of the first, or main, appeal has never been filed in this court, and that the time for doing so has long ago expired, so that the appeal has lapsed, and that, this being so, the present appeal, which is but in aid of the other, presents but a moot case, and should therefore be dismissed.

Appeal dismissed.

---

(71 South. 735)

No. 20511.

BOARD OF ADMINISTRATORS OF CHARITY HOSPITAL v. RICHHART et al.

(April 24, 1916.)

*(Syllabus by the Court.)*

1. CONSTITUTIONAL LAW ☞230(2)—LICENSES ☞7(1)—EQUAL PROTECTION OF LAWS—AUCTION SALES—"PROPERTY TAX."

The so-called duty or charge imposed upon auction sales, for the benefit of the Charity Hospital in New Orleans, by section 145 of the Revised Statutes of 1870, as amended by Act No. 53 of 1882 and by Act No. 46 of 1904, is not a tax on the property; and the statutes do not violate any provision of the state or federal Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 687; Dec. Dig. ☞230(2); Licenses, Cent. Dig. §§ 7, 19; Dec. Dig. ☞7(1).

For other definitions, see Words and Phrases, First and Second Series, Property Tax.]

2. AUCTIONS AND AUCTIONEERS ☞2—STATUTORY PROVISIONS.

Act No. 163 of 1910, relating to auctioneers, prescribing their qualifications, defining their duties and authority and fixing their compensation, does not purport to embrace all of the law on the subject of auction sales or to supersede all previous laws on that subject. The provisions of Act No. 46 of 1904, imposing a so-called duty on auction sales, for the benefit of the Charity Hospital in New Orleans, are not contrary to or inconsistent with any of the provisions of Act No. 163 of 1910, and were not repealed by the section of the latter statute repealing all laws or parts of laws contrary to or inconsistent therewith.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. § 1; Dec. Dig. ☞2.]

3. STATES ☞131—APPROPRIATIONS—LIMITATION AS TO TERM — "SPECIFIC APPROPRIATION."

The dedication to the Charity Hospital in New Orleans, by Act No. 46 of 1904, of the funds to be derived from the so-called duty imposed upon auction sales, is not a specific appropriation, within the meaning of article 45

of the Constitution, limiting such appropriations to a term of two years.

[Ed. Note.—For other cases, see States, Cent. Dig. § 129; Dec. Dig. ⚖=131.

For other definitions, see Words and Phrases, Specific Appropriation.]

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Alfred M. Barbe, Judge.

Action by the Board of Administrators of the Charity Hospital against Balis A. Richhart and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Modisette & Adams, of Jennings, for appellants. R. G. Pleasant, Atty. Gen., and Harry Gamble, Asst. Atty. Gen., for appellee.

O'NIELL, J. The defendants, an auctioneer and the surety on his bond, have appealed from a judgment rendered against them, in solido, for the charge or duty of one-half of 1 per cent. of the price of property sold at public auction.

The action is founded upon sections 145 and 3340 of the Revised Statutes of 1870, as amended by Act No. 53 of 1882 and Act No. 46 of 1904, providing that all property sold at public auction by an auctioneer (except such as may be exempt by law) shall be subject to a duty of one-half of 1 per centum of the price of each and every adjudication, to be paid by the vendor and turned over by the auctioneer to the Charity Hospital, of New Orleans.

The defenses are: First, that the statute is unconstitutional, in that it discriminates in favor of sheriffs, who are ex officio auctioneers, and against other auctioneers; second, that, if the act was constitutional, it was repealed by Act No. 163 of 1910, relating to auctioneers; and, third, that, if the other provisions of the statute prevail, the appropriation to the Charity Hospital has expired, under article 45 of the Constitution, providing that no appropriation shall be made for a longer period than two years.

## Opinion.

[1] The statute on which the plaintiff's demand is founded does not make an arbitrary classification or discrimination, in requiring auctioneers to collect and turn over to the Charity Hospital the charge imposed upon auction sales. The constitutionality of this law has been contested several times in vain. See Boye v. Girardey, 28 La. Ann. 718; Wintz v. Girardey et al., Board of Administrators of Charity Hospital, Intervener, 31 La. Ann. 381, State v. Girardey, 34 La. Ann. 620, and Board of Administrators of Charity Hospital v. Girardey, 36 La. Ann. 605. In the cases cited, it was held that this duty or charge imposed on auction sales by the state was not a tax on the property; that the right to have one's property sold at public auction by an auctioneer was not an absolute right, but a privilege which the state might grant or withhold, and for the exercise of which the Legislature had exacted a charge of the owner of the property and imposed a duty upon the auctioneer, without violating any provision of the Constitution.

[2] Section 145 of the Revised Statutes, as amended and re-enacted by Act No. 53 of 1882 and Act No. 46 of 1904, was not repealed by Act No. 163 of 1910. The latter statute provides for licensing public auctioneers, prescribes their qualifications, defines their duties and authority, and fixes their compensation. The concluding section of the act repealed all laws or parts of laws contrary to or inconsistent therewith. But there is nothing in Act No. 46 of 1904 contrary to or inconsistent with any of the provisions of Act No. 163 of 1910; nor does the latter statute purport to embrace all of the law on the subject of auction sales.

[3] The dedication of the duty, as it is called in the statute, to the Charity Hospital, of New Orleans, was not an appropriation, within the meaning of the term as used in

article 43 of the Constitution of 1879, article 45 of the Constitutions of 1898 and 1913, viz.:

"No money shall be drawn from the treasury except in pursuance of specific appropriation; * * * nor shall any appropriation of money be made for a longer term than two years."

The dedication to the Charity Hospital of the charge or duty to be collected by auctioneers was not a specific appropriation of money belonging to the state. The purpose of limiting the term for which the Legislature might make a specific appropriation of the money of the state is obvious; but, manifestly, there was no purpose or intention of limiting the term of a dedication of a fund to be derived in the manner provided by the statute in question.

The judgment appealed from is affirmed.