(94 South. 399)

No. 24458.

## SHIPP v. BORDELON.

(Oct. 30, 1922. On Application for Rehearing, Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Pleading ⬅228—Exception properly overruled when amended petition filed and allowed before exception passed on.**

There was no error in overruling an exception of no cause of action where an amended petition which cured the defect in the original petition was filed and allowed before the exception was passed on.

**2. Master and servant ⬅367—Compensation claimant held an employee of property owner, though engaged by workman making repairs.**

Where defendant employed C. to do repair work on a house at a weekly or daily wage and allowed C. to employ plaintiff, also on a daily or weekly wage, which was to be paid by defendant, there, was no independent contractor, and plaintiff, claiming compensation under Employers' Liability Act, was in defendant's employ.

**3. Master and servant ⬅361 — Liability Act inapplicable when work mere incident of nonhazardous occupation.**

In view of the title and section 1, par. 2, the Employers' Liability Act applies only when employé is performing work falling within the designated hazardous trades, businesses, or occupations, and the employer is engaged in that line of work as a trade, business, or occupation, and not where one engaged in a nonhazardous occupation employs another incidentally to repair a building.

**4. Master and servant ⬅361—Business of employer need not be exclusive to render liability act applicable.**

To render the Employers' Liability Act applicable, the business of the employer in which the employé is engaged need not be exclusive.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Jas. Andrews, Judge.

Action by Walter Shipp against A. L. Bordelon for compensation for injuries under the Employers' Liability Act. From a judgment for defendant, plaintiff appeals. Affirmed.

Gus A. Voltz and J. B. Nachman, both of Alexandria (John H. Mathews, of Alexandria, of counsel), for appellant.

Peterman, Dear & Peterman, of Alexandria, for appellee.

By the WHOLE COURT.

DAWKINS, J. Plaintiff sued for compensation under the Employers' Liability Act (Act No. 20 of 1914) for injuries received while working as a carpenter upon a building belonging to defendant.

Defendant filed an exception of no cause of action and answer at the same time. An amended petition was also filed, in which plaintiff supplemented the original by alleging that the injuries "arose in the course of his employer's trade, business, or occupation." The exception was then overruled, an amended answer and motion to strike out the amended petition were filed, the motion to strike out was denied, and the amended answer otherwise allowed. The defenses were a general denial, including the averment that the plaintiff was employed by an independent contractor, and that the services performed were not in the course of defendant's trade, business, or occupation.

The case was tried on its merits, and there was judgment for defendant, from which plaintiff appealed.

## Opinion.

[1] Since the amended petition was filed and allowed before the exception of no cause of action was passed upon, and admittedly it cured the defect in the petition, there was no error in overruling the exception.

## On the Merits.

[2] The record discloses that the defendant, who is a physician by profession, employed one M. E. Caricut to do some repair

work upon a house on the former's plantation at a weekly or daily wage; and, in order to expedite the work, Caricut was allowed to employ the plaintiff to assist, also on a daily or weekly basis, and the latter's wages were likewise to be paid by defendant, and in these circumstances we think there was no independent contractor, but that plaintiff was in the employ of defendant.

The Employers' Liability Law of this state does not purport to make all employers of labor liable for compensation, but plainly and distinctly limits its operation to certain specified trades, businesses, and occupations, which in their very nature are hazardous, as well as others not mentioned, which may, under certain conditions, be found to be hazardous, and to cases where the parties by mutual consent agree to come under its provisions. The title of the law reads:

"An act prescribing the liability of an employer to make compensation for injuries received by an employé in performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in certain trades, businesses and occupations * * * and providing for methods for payments of compensation thereunder. "Section 1. * * * That this act shall apply only to the following."

Then follow certain provisions making the law applicable to the state and its subdivisions, and paragraph 2 of the section is as follows:

"2. Every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses and occupations."

[3] Hence we see that it is not enough that the employé shall be performing work of the character falling within the designated trades, businesses, or occupations, but it must be done "in the course of the employer's trade," etc., in certain trades, businesses, etc. In other words, the work must be of that character, and the employer must be en-gaged in that line of work as a trade, business, or occupation, in order that the act may apply. It is not pretended that the defendant was engaged, as a trade, business, or occupation, in the building, repairing, etc., of houses or other structures, but merely found it necessary to repair a certain building on his farm. If it be said that he was engaged in farming as an occupation, and the work was being performed in connection therewith, or was an incident thereto, then reference to the statute discloses that agriculture or farming is not one of the occupations specifically named as hazardous or that is in its nature hazardous.

Counsel for plaintiff relies upon certain decisions by the Industrial Accident Board of California, to wit: Cowles v. Alexander & Kellog, 2 Cal. I. A. C. 615; Petersen v. Pellasco, Id. 199; Crosby v. Strong, Id. 408; and Jenkins v. Pieratt, 1 I. A. C. 114. However, an examination of the California law (St. 1911, p. 796), which is modeled after the Wisconsin statute (Laws 1911, c. 50), discloses a wide difference from that of our own (Act 20 of 1914). The title of the California act reads:

"An act relating to the liability of employers for injuries or death sustained by their employés, providing for compensation for the accidental injury of employés, establishing an Industrial Accident Board, making an appropriation therefor, defining its powers and providing for a review of its awards."

The following are the sections defining an employer and employé within the purview of its provisions:

"Sec. 4. The following shall constitute employers subject to the provisions of this act within the meaning of the preceding section: "(1) The state, and each county, city and county, city, town, village and school districts and all public corporations, every person, firm, and private corporation (including any public service corporation), who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the accident to the employé for

which compensation under this act may be claimed, shall, in the manner provided in the next section, have elected to become subject to the provisions of this act, and who shall not, at the time of such accident, have withdrawn such election, in the manner provided in the next section."

In Boyd's Workmen's Compensation, p. 654, § 263, where this act (of California) is reproduced in full, we find following the provision just quoted a note by the Industrial Accident Board, as follows:

"Note by Board.—This section (4), when read in connection with sections 6 and 7, defines the two classes of employers to which the compensation schedule applies:
"(1) The state and each county, city and county, city, town, village and school district and all public corporations.
"(2) All private employers who shall have elected to come within the compensation provisions of the act."

This note is fully borne out by sections 6 and 7, and the second paragraph of section 6 contains the only excluding clause or limitation on the operation of the act as to those who fall under its provisions. It reads:

"(2) Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and also including minors who are legally permitted to work under the laws of the state (who, for the purposes of the next section of this act, shall be considered the same and shall have the same power of contracting as adult employees), but not including any person whose employment is but casual and not in the usual course of the trade, business, profession or occupation of his employer."

It is seen at a glance that there is no attempt to classify trades, businesses, and occupations as hazardous, or to make the statute apply to those of that character alone; but any employer who has elected to come under its provisions, whatever the nature of his trade, etc., is liable in a proper case for compensation, except alone cases of casual employment not "in the usual course of the trade," etc., of the employer. Therefore, to be excluded, the employment must be both casual and without the usual course of the employer's trade.

[4] We agree with counsel that it is not required, under our law, that the business of the employer must be exclusive, for one may have a dozen trades, businesses, or occupations. But, to become liable for compensation, he must be actually so engaged, as a trade, etc., and it is not enough that the work done should be hazardous if it be not also incident to or in the course of the trade, business, or occupation of the employer which is within itself hazardous under the statute. We think that, if our law had been the same as that of California, and we had found that the defendant had elected to come under its terms within the meaning of its provisions, then he would have been liable, for the work which plaintiff was doing was an incident to or connected with defendant's occupation of farming, which is not excluded by the law of that state; whereas the occupation of farming is not included in our state.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.

### On Application for Rehearing.

PER CURIAM. In the application for rehearing, it has been called to our attention that we erroneously stated that the building upon which the work was being done was situated on defendant's farm; whereas, as a matter of fact, it was in the city of Alexandria. This was due to the fact that there was practically no dispute as to the facts, and the author of the opinion confused the facts with those in one of the cases cited. However, this makes no difference in the result, for the defendant in no event was engaged, as a trade, business, or occupation, in building, erecting or repairing houses.

The rehearing is therefore refused.