(110 So. 495)

No. 28052.

MONROE HARDWARE CO., Inc., v. THOMPSON et al.

In re UNION INDEMNITY CO.

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

1. Mechanics' liens ⬤⟶3.

Act No. 229 of 1916 has no application where contract is let to independent contractor, and expressly refers to Act No. 167 of 1912 as amended by Act No. 262 of 1916, and bond was given pursuant thereto.

2. Mechanics' liens ⬤⟶74, 313.

Where contractor's bond was given pursuant to Act No. 262 of 1916, it was owner's duty to see that bond and contract were timely recorded.

3. Mechanics' liens ⬤⟶74, 313—Only penalty for failure to record contract and contractor's bond is that owner is bound in solido with contractor and surety for mechanics' claims (Act No. 262 of 1916).

Owner's failure to record contract and contractor's bond given under Act No. 262 of 1916 cannot prejudice his rights against contractor and surety, only penalty being that he became bound in solido with them for payment of claims of mechanics and materialmen.

4. Mechanics' liens ⬤⟶74, 313—Surety on contractor's bond held liable under terms thereof for payment for material furnished·subcontractor, though contract and bond were not recorded (Act No. 262 of 1916).

Surety on contractor's bond *held* liable under terms thereof for payment for material furnished subcontractor, notwithstanding that contract and bond were not recorded, as required by Act No. 262 of 1916, since surety's liability is not measured by recordation of contract and bond.

5. Appeal and error ⬤⟶816—Determination of several related cases involving surety's liability on contractor's bond by interrelated decrees held not objectionable where clearly for protection of appellant surety.

Hearing and determination of several cases involving surety's liability on contractor's bond as one case by Court of Appeals *held* proper, separate decrees not being objectionable on ground that single judgment was rendered to cover all cases, interrelation of decrees being for appellant surety's protection.

Certiorari to Court of Appeal, Parish of Ouachita.

Action by the Monroe Hardware Company, Inc., against H. L. Thompson and another, in which the defendant Ouachita Valley Camp No. 10, W. O. W., called the Union Indemnity Company in warranty. Judgment for plaintiff against Thompson and Ouachita Valley Camp No. 10, W. O. W., and for latter against Union Indemnity Company. On appeal to the Court of Appeal by Ouachita Valley Camp No. 10, W. O. W., and the Union Indemnity Company, judgment was amended

and affirmed. On rule nisi issued upon the Union Indemnity Company's application for certiorari or writ of review to the Court of Appeal. Rule discharged, and application dismissed.

Blanchard, Goldstein & Walker, of Shreveport, for Union Indemnity Co.

John M. Munholland, of Monroe, for Ouachita Valley Camp No. 10, W. O. W.

M. C. Thompson and W. F. Pipes, both of Monroe, for Monroe Hardware Co., Inc.

ROGERS, J. On August 22, 1922, Ouachita Valley Camp No. 10, W. O. W., contracted with one A. Delatte for the erection of a two-story brick building upon its property in the city of Monroe. Relator became surety on the contractor's bond. Neither the contract nor the bond was timely recorded. The work of painting the building was sublet to H. L. Thompson, who purchased from plaintiff the materials used for that purpose. Its account remaining unpaid, plaintiff recorded its claim against the building and lot, and then instituted suit against the owner and the subcontractor for the recovery of the amount due and for the recognition of its lien. Relator was called in warranty by the owner.

The court below rendered judgment in favor of plaintiff against the subcontractor and the owner, and in favor of the owner against relator. Both the owner and the relator appealed to the Court of Appeal for the Second Circuit. That court affirmed the judgment in favor of the plaintiff, and amended as to the amount the judgment between the owner and relator. The case is now before us on a rule nisi issued upon relator's application for the appropriate writs.

The bond furnished by the contractor, with the relator as surety, contains the following clause, viz.:

"This bond is a statutory bond and is given pursuant to the provisions of Act 167 of the Session of the General Assembly of Louisiana for the year 1912, and all laws amendatory thereof."

Notwithstanding this provision in the bond, all the parties litigant have contested the case from its incipiency on the theory that it is governed by Act 229 of 1916 and not by Act 262 of 1916, amending and re-enacting Act 167 of 1912. They assign, as their reason for doing this, the failure of the owner to record the contract and bond within the time specified by Act 262 of 1916.

[1-3] But Act 229 of 1916 seems to apply to those cases only where the owner undertakes to do the work himself, while Act 262 of 1916 applies to those cases where he lets the contract to an independent contractor for the construction as a whole. Be that as it may, it cannot be denied that each of the statutes covers only the state of facts called for by it. In the case before us, the contract was entered into and the bond was given, in express terms, pursuant to the provisions of Act 262 of 1916. It was the duty of the owner to see that the instruments were timely recorded. U. S. Fidelity & Guaranty Co. v. D'Angelo, 150 La. 188, 90 So. 564; Rose v. Eunice Electric Theater Co., 154 La. 81, 97 So. 322. His failure to do this, however, cannot prejudice his rights against the contractor and his surety. The only penalty the owner incurred for his laches, under the legislative act, is that he became bound in solido with the contractor and the surety for the payment of the claims of the mechanics and materialmen.

[4] In no case, and as against no interested party, is the surety's liability to be measured by the recordation, vel non, of the contract and bond in the mortgage office. The object of such recordation is to give public notice and to create a lien and privilege in favor of the statutory beneficiaries against the ground and buildings on which the work is done or to which the materials are furnished

and not to determine the rights nor to fix the liabilities of sureties. According to the terms of the bond under consideration here, relator bound itself to pay, on default of its principal, "the subcontractors, workmen, laborers, mechanics and furnishers of material, as their interests may appear." Plaintiff was not paid for the material which it furnished to, and which was used in, the building covered by the contract and bond, and it is relator's duty under its agreement to liquidate the claim.

[5] Relator complains, also, in its application to this court, of the action of the Court of Appeal in rendering what it terms is a single judgment to cover this case and three other cases reviewed on appeal by that court. All the cases grew out of the same contract and bond and involved the same issues. The action of the Court of Appeal in hearing and determining them as one was a practical and effective way of disposing of the controversy. That court did not render, as stated, a single judgment in the four cases; it entered a separate decree in each case. It is true, these judgments are interrelated, so that the discharge of one, probably, requires the discharge of the others; but relator cannot complain of this, since the Court of Appeal deliberately adopted that method of disposing of the cases, in its interest, in order to insure that the balance due in the custody of the owner of the building should be deposited in court to secure the payment of valid claims only, thereby preventing relator from being mulcted for any greater sum than the difference between the amount of the deposit and the aggregate of the valid claims.

For the reasons assigned, the rule nisi herein issued is discharged and relator's application is dismissed at its cost.

THOMPSON, J., recused.