No. 328

First Circuit

---

## LAY v. PUGH ET AL.

---

(June 12, 1928. Opinion and Decree.)
(November 26, 1928. Writs of Certiorari and Review denied by Supreme Court.)
(October 3, 1928. Rehearing Refused.)

---

H. E. Ellis, of Covington, and R. D. Jones, of Covington, and Miss Anna C. McCay and Paul A. Sompayrac, of New Orleans, attorneys for plaintiff, appellee.

Miller and Heintz, of Covington, and Morgan and Simmons, of Covington, attorneys for defendants, appellants.

MOUTON, J. Plaintiff brings this suit for compensation under the Employers' Liability Act, Act No. 20 of 1914 as amended.

He alleges that he was injured in his right eye, the injury causing a total loss of that eye, while he was performing his duties as a carpenter in the repairing and changing the style of a building owned by Joseph Pugh, and situated in the town of Mandeville; that Augustus Smith, acting as agent, employed him to do the work for Pugh; that although Pugh has not actually denied liability he has not been able to collect the compensation he claims, and therefore asks the intervention of the Court to enforce payment from Pugh.

Plaintiff then alleges in the alternative, that if the Court finds that Augustus Smith was not the agent of Pugh, but was an independent contractor, that Smith be held liable for the compensation claimed. Finally, plaintiff alleges that he believes that though the persons engaged in the work exceeded seven in number, neither Pugh nor Smith carried any insurance for the protection of their workmen; that the work was hazardous and dangerous and comes within the laws of Louisiana making employers liable under the Workmen's Compensation laws of Louisiana.

Augustus Smith filed an exception of no

cause or right of action; thereafter answering, making due reservation of the benefits of the exception. Joseph Pugh filed a similar exception; subsequently answered, and likewise reserved the benefit of his exception. The District Judge maintained the exception urged by Smith but over-ruled Pugh's exception and rendered judgment on the merits for the compensation demanded. Pugh appeals from the judgment rendered against him, and Top Lay, plaintiff, appeals from the judgment maintaining the exception in favor of Smith.

Augustus Smith files a motion in this Court to dismiss the appeal taken by plaintiff from the judgment maintaining the exception of no cause of action filed by Smith.

The dismissal of the appeal is asked on the complaint that the lower Court did not render a written separate judgment maintaining the Smith exception. In the same written judgment which was signed by the District Judge, two separate judgments and decrees were rendered; one in favor of plaintiff on the merits against Pugh, and the other for Smith on his exception of no cause of action. Although the two judgments were written on the same sheet of paper, they were in reality two separate judgments and decrees and both bore the signature of the Judge.

In the case of Monroe Hardware Co. vs. Thompson et als., 162 La. 335, 110 So. 495, the Court held that two separate decrees were not objectionable on the ground that a single judgment had been rendered. We find no merit in the motion to dismiss, and it is therefore denied.

We will first pass on the exception urged by Smith, and next in order on the defense relied on by Pugh, the other defendant.

In his petition plaintiff alleges in the first article, that Pugh is indebted to him for one hundred weeks' compensation at the rate, etc., until paid. In the second, he describes the injury he received while at work on a building belonging to Pugh. It is certain that in these two articles there is no cause of action alleged against Smith. In the third article, he avers that he was employed by Pugh, through Smith as agent for Pugh, as he was by Smith informed, and that he therefore makes the allegation of his employment by Smith as agent for Pugh. Obviously no relief could be demanded against Smith under that article in which it is distinctly averred by plaintiff that Smith had acted as Pugh's agent. In the fourth article, after alleging that he could not collect against Pugh, plaintiff asks for the intervention of the Court to enforce payment against Pugh. Here, Smith is completely eliminated from the demand, and the contest is strictly restricted to a claim against Pugh. There is unquestionably no cause of action or demand set out against Smith in the foregoing four articles of the petition. In the following article, number five, and pleading in the alternative, plaintiff alleges that if the Court should find that Smith was not the agent of Pugh, and decides that he was an independent contractor, in that event, he is entitled to recover the compensation claimed from Smith. Such an allegation as that has less value than the averring by the pleader of a mere conclusion of law, as it depends for its effect on the possible finding by the Court of a conclusion which could only be reached on facts properly set out in the petition.

Finally, in article six, the last, plaintiff after making allegations not pertinent to the question at issue, avers "that the work was hazardous and dangerous and comes within the laws of Louisiana making employers liable under the Workmen's

Compensation laws of Louisiana." Here it will be noted, that the petition totally fails to allege that at the time plaintiff was injured, Smith, as his employer, was engaged in the line of work described in the petition "as a trade, business or occupation." Such an allegation in addition to the averment that the work was hazardous, was essential, unless it had been alleged that plaintiff and Smith had voluntarily elected to come under the provisions of sub-section 4 of section 1 of Act No. 20 of 1914. Blaine vs. Iglehart, 5 La. App. 17; Shipp vs. Bordelon, 152 La. 795, 94 So. 399. With a view of making a proper analysis of the petition, we have considered the articles therein set out disjunctively and conjointly or in their proper legal relation one to the other, and have been unable to find that a cause or right of action has been disclosed against Smith, whose exception was therefore correctly maintained.

The exception of no cause of action filed by Pugh was referred to the merits by the Court.

As we have hereinabove stated, while it is true that plaintiff has alleged that the work in which he was employed was dangerous or hazardous, he, however, did not aver that his employer, Pugh, was engaged in that line of work as "a trade, business or occupation," and that such an allegation was essential to the setting out of a cause of action unless he had averred that by agreement with Pugh they had elected to come under the benefits of the compensation act above referred to. In the case of Shipp vs. Bordelon, 152 La. 795, 94 So. 399, the Court held that such an averment was essential but that the defect had been cured by timely amendment before the exception of no cause of action had been passed upon, otherwise, it is apparent from the decision that the ex-

ception would have been maintained. In this case, as the exception was referred to the merits, we will dispose of the case on the proof adduced on the trial.

The defendant Pugh, filed an amended answer, in which he alleged that his sole occupation was that of surveyor for the Parish of St. Tammany, and that he was not engaged in a hazardous occupation. Counsel for plaintiff and defendant have indulged in considerable discussion on this question. The fact is that it is quite immaterial to the real issue presented herein for solution, as to whether or not Pugh was a surveyor for that parish, as he might very well have been a surveyor, and at the same time engaged in the trade, business or occupation of erecting, repairing or demolishing buildings. This proposition was met and solved in Shipp vs. Bordelon, 152 La. 795, 94 So. 399, in the following words:

"To render the Employers' Liability Act applicable, the business of the employer in which the employee is engaged need not be exclusive."

It must, however, be alleged by the complaining employee or affirmatively proved by him that he was engaged in a line of work which was followed by his employer as a "trade, business or occupation." In the instant case, plaintiff did not make the required allegation, but attempted to make the proof which is essential to entitle an employee to recover under the plain provisions of the statute.

Pugh, defendant, was asked if he had experience in putting up buildings under contract. His answer is that he had not. He stated that he had put up buildings for himself but that he had not erected buildings for other people; that he had never personally directed the work in the putting up of buildings. He was asked if

he had not drawn the plan for the St. Tammany Hotel, to which he answered that Soule had made the plan, and that the work had been carried under the supervision of Surrand, and that Soule was the architect. There is no evidence in the record contradicting the answer so given by defendant. He was asked and admitted that the building he was erecting was being put up as a restaurant which was to be operated by Mugnier, his wife's nephew. He admitted he had been in the paving business "but not in buildings." Such evidence which appears from the foregoing is far from showing that defendant was engaged in the erection, repair or demolition of buildings or structural appurtenances as a "trade, business or occupation." It is probable that he expected to derive some profit in the hotel which was to be operated by Mugnier. This simply indicated that he was going into a business venture, but such an enterprise could not possibly be taken as proof that defendant was following building business as a trade or occupation within the intendment of the statute. The proof is that the building in question was being erected under the supervision of Smith, who, on account of some differences with defendant, quit the work and after he left the undertaking was carried to completion by Givens. The evidence does not show that the work for the changing of the style of the old building into a restaurant was carried on in the beginning or subsequently by defendant, but that the enterprise had been from its incipiency under the supervision of Smith, and thereafter was carried to completion by Givens It was a private undertaking by defendant, from which, it may be true, he expected to derive future profits from the revenue of the restaurant, but there is nothing to show or even to indicate that the building had been constructed by Pugh, as an employer, in a line of work as a trade, business or occupation. No such proof having been established, plaintiff had no right to recover compensation against Pugh as was decreed below.

It is therefore ordered, adjudged and decreed that the judgment maintaining the exception of no cause of action filed by Augustus Smith be affirmed, and it is further ordered and decreed that the judgment rendered in favor of the plaintiff against Joseph Pugh be annulled, avoided and reversed, and that demand of the plaintiff be and is hereby rejected with costs.