### CHARITY HOSPITAL OF LOUISIANA v. BOARD OF SCHOOL DIRECTORS OF ST. MARTIN PARISH. *
#### No. 933.

Court of Appeal of Louisiana. First Circuit.
March 8, 1932.

*Rehearing granted May 3, 1932.

L. O. Pecot, Dist. Atty., of Franklin, for appellant.

Voorhies & Labbe, of Lafayette, for appellee.

MOUTON, J.

Plaintiff, in its petition, alleges that Emile Bermis of St. Martin parish, while painting a building for defendant board, fell from a scaffold to the ground, causing a dislocation with compression of the dorsal vertibræ and the fracturing of his spine; that for the medical treatment Bermis received at plaintiff's hospital he is indebted to plaintiff in solido with defendant school board in the sum of $250 for which judgment is demanded.

An exception of no cause of action was filed by defendant board, and was overruled.

An answer was filed by defendant board, the merits were tried on a statement of facts which resulted in a judgment in favor of plaintiff for $250, with legal interest, from which defendant appeals.

The suit against Bermis was abandoned, the sole defendant now before this court being the defendant board of school directors of the parish of St. Martin.

This suit is brought under Act No. 29 of 1928, page 34, which provides that, where a patient in any of the state charity hospitals shall come within the provisions of the Employers' Liability Act, its administrators shall be authorized to make charges for services rendered, etc.

The petition charges that the injury was received by Bermis while he was painting a school building, and the statement of fact shows that he suffered the damage while painting and repairing the building. As the same issue is presented in the exception and merits, the case will be disposed of as thus presented.

The correct determination of the question admitted depends upon a proper application of the provisions of Act No. 20 of 1914. The title of that act prescribes the liability of an employer for injuries received by an employee in the course of his employer's trade, business, or occupation in certain trades, businesses, and occupations, etc.

Section 1 of the act then proceeds to say that its provisions shall apply to every person in the service of the state, incorporated villages, political subdivisions, incorporated public boards, that can hold property, sue and be sued, except state officials, etc. Continuing, the act in that section declares that the payment of compensation shall be made according and under the terms, conditions, and provisions hereinafter set out in this act.

In section 1, subd. 2, it provides for compensation to every person performing services arising out of his employment in the course of his employer's trade, business, or occupation "in the following hazardous trades, businesses and occupations," and thereafter designates or enumerates these hazardous businesses or occupations.

It will be noted that in the title of the act, which refers to compensation for services arising out of the employer's services in his employer's business or occupation, it says: "In certain trades, business and occupations." Thereafter in section 1, it says, payment of compenation shall be made, "according to and under the terms, conditions and provisions hereinafter set out in this act." In section 1, subd. 2, it is there provided for this compensation for services rendered in the course of the employer's "trade, business or occupation in the following hazardous trades, businesses and occupations." These trades, businesses, or occupations enumerated thereunder as hazardous are those which we think are referred to as "certain trades, business and occupations" mentioned in the title of the act, and for which payment of compensation is to be made according to the terms and

**62**

conditions "hereinafter set out," as provided for in section 1 of the act.

■ The Compensation Act does not concern itself with the question as to whether or not the services in which the employee was engaged at the time he received an injury be hazardous or perilous. This was the doctrine held in Dewey v. Lutcher-Moore Company, 151 La. 672, 92 So. 273; Durrett v Woods, 155 La. 533, 90 So. 430, and followed by us in Dartez et al. v. Sterling Sugars, Inc., 7 La. App. 414.

In the case of Shipp v. Bordelon, 152 La. 795, 94 So. 399, 400, an employee, named Caricut, was employed to do some work by the defendant who was a physician by profession. In that case the court said that the Compensation Act was distinctly limited in its operation to certain specified trades, businesses, and occupations, hazardous in their very nature, and to others not mentioned, which may, under certain conditions, be found to be hazardous, and to cases where the parties by mutual consent agree to come under the operation of the statute. The court said, in the Bordelon Case, that it was not pretended that the defendant, a physician, was engaged as a trade or business, in the building or repairing of houses or other structures. It is clearly pointed out by the court in that decision that the employer must be engaged in a trade, business, or occupation in reference to which the laborer is employed. Further on in that decision this view is emphasized where the court says, in reference to the liability of the employer for compensation: "It is not enough that the work done should be hazardous if it be not also incident to or in course of the trade, business, or occupation of the employer which is within itself hazardous under the statute."

■ Here, as it appears that Bermis was employed to paint and repair school buildings, the work in which he was engaged was not hazardous in its nature and not so under the hazardous trades and occupations designated or enumerated as such, under section 1, subd. 2, of the statute.

■ Even if that work could be characterized as being hazardous, defendant could not be held liable, as it was "not also incident to or in course of the trade, business, or occupation of the employer" of Bermis, the defendant school board, which was certainly not engaged in painting or repairing school buildings as a trade, business, or occupation.

It is true the court said in the Bordelon Case, supra, that the Compensation Act is limited in its operation to specified trades and occupations, in their nature hazardous; and then added, as well as others not mentioned, which may, under certain conditions, be found to be hazardous and to cases where the parties by mutual consent agree to come under its provisions. In so stating, the court had reference, we think, to subdivision 3 of section 1 of the act, wherein it is said: "If there be or arise any hazardous trade, business or occupation or work other than these hereinabove enumerated, it shall come under the provisions of this act."

There it provides how the hazardous nature of the trade, business or occupation shall be determined.

In the following subdivision or paragraph 4, it is provided that an employer and employee in a trade, business, or occupation, not specified in paragraph 2 of this section, and any one engaged in a trade, business, or occupation that may not be determined to be hazardous under the operation of paragraph 3 of this section, may, prior to the accident, voluntarily contract to come under the protection of the provisions of this act.

In these provisions of the foregoing paragraphs the privilege granted to come under the act has reference to some trade, business, or occupation. This is characteristic of the act, and nowhere does it provide for compensation except where the work is performed in connection with a trade, business, or occupation. Again in paragraphs 2 and 3 of section 3 of the act, as amended by Act No. 38 of 1918 and Act No. 85 of 1926, in referring to verbal or written contracts, reference is made to agreements in trades, businesses, or occupations.

The school boards of this state are established in the interest and for the promotion of public education. The erection, painting, or repairing of school buildings by them is done in furtherance of that purpose, and obviously is not carried on by these boards as a trade, business, or occupation, not more so than was Dr. Bordelon mentioned in 152 La. 795, 94 So. 399, where the court said he was not engaged as a trade, business, or occupation in the construction or repair of houses, and was therefore not liable to plaintiff in compensation. For the same reason we hold that the defendant board is not responsible to plaintiff in this case, and that the judgment against it is erroneous.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed; and that the demand of the plaintiff is hereby rejected at its cost in both courts.