## CHARITY HOSPITAL OF LOUISIANA v. MORGAN et al.
### No. 1046.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1932.

A. J. Finney, of Covington, and Emmet Alpha, of New Orleans, for appellant.

S. W. Provensal, of Slidell, for appellees.

LE BLANC, J.

This suit is brought under the provisions of Act No. 126 of 1924, as amended by Act No. 29 of 1928, which authorizes the board of administrators of any state charity hospital to make appropriate charges for services rendered to any patient coming within the provisions of the Employers' Liability Act, and to hold the patient, his employer, and the compensation insurer or insurers of the employer, liable therefor, in solido. The requirements of the act appear to have been complied with, and, upon the patient and his employer failing to pay the charges which are alleged to have been $158.50, this suit was instituted to recover judgment against them both in solido for that amount, with 10 per cent. attorney's fees and costs.

Plaintiff, in its petition, alleges "that on May 6, 1929, Joe Morgan was the employee of L. J. Levy, in taking down a house, which is a hazardous employment under the Employers' Liability Act; that while in the performance of his duty in taking down said house, said Morgan was thrown against one of its walls, and sustained a fracture. * * *"

An exception of no cause of action was filed on behalf of both defendants. It was submitted without argument, and was overruled by the court. Separate answers were then filed by each defendant, putting the case at issue on the merits.

From a judgment dismissing its suit in the lower court, the plaintiff took this appeal.

 The allegation which we have quoted from plaintiff's petition is the only one relating to the nature of the employment between Morgan and Levy, and it becomes apparent on reading it that it was Morgan, the employee, who was engaged in taking down the house, the alleged hazardous employment. Not only does the petition fail to allege that Levy, the employer, was engaged in any hazardous occupation, but it fails to disclose anything about Levy except the fact that Morgan

was his employee. As it is the nature of the employer's trade, business, or occupation that governs in determining whether the relation of employer and employee exists under the Employers' Liability Act, and in this case the petition is silent on that vital question, it would seem to us that there was much merit in the exception of no cause of action. However, as the defendants did not seem to stress their exceptions in the lower court and do not urge them before us, we take it that they would prefer to have a disposition of the case on the merits, now that the whole record is before us.

The evidence, however, does not add much to the plaintiff's cause, as it indicates only that Levy, at the time he engaged Morgan to tear down the building, was conducting the business of a merchant. He was operating a store, and Morgan, one of his customers, was indebted to him on an open account. The bill was more than $12, but that was the amount Levy agreed to allow him as a credit on the account for his work in demolishing the building. That is all that the record contains with reference to Levy's business, and in no way is it anywhere intimated that he was engaged in any hazardous trade or occupation such as building, repairing, or demolishing houses or other structures, or that any work of that character was incident to his business as a storekeeper. The district judge, in a written opinion, appropriately cited the following decisions as authority to the effect that the erection, repairing, or demolition of a house by an owner, for his own private purposes, and while not so engaged in that business, trade, or occupation himself, does not bring him within the purview of the Employers' Liability statute: Jarrell v. Ewing, 7 La. App. 502; Shipp v. Bordelon, 152 La. 795, 94 So. 399; Blane v. Iglehart, 5 La. App. 17; Lay v. Pugh et al., 9 La. App. 183, 119 So. 456. Pertinent to the issue involved, we may add as further authority the recent cases of White v. Equitable Real Estate Co., Ltd., 18 La. App. 714, 139 So. 45, and Charity Hospital of Louisiana v. Board of School Directors of St. Martin Parish (La. App.) 140 So. 60.

The demand of the plaintiff was properly rejected in the lower court, and the judgment is affirmed.