## WILKIE v. LANGLOIS.
### No. 1518.

Court of Appeal of Louisiana. First Circuit.
Dec. 9, 1935.

M. T. Hewes, of New Roads, for appellant.

Ferd C. Claiborne, of New Roads, for appellee.

DORE, Judge.

This is a suit instituted by the plaintiff and appellant under the Employers' Liability Act, being Act No. 20 of the General Assembly of the State of Louisiana for the year 1914, and commonly designated as the Burke-Roberts Employers' Liability Act. The suit was dismissed in the lower court under the plea of no cause or right of action, and the plaintiff has appealed from that judgment to this court.

It is quite clear that the plaintiff's original petition did not disclose a cause of action under the act in question, because it failed to allege that the hurts or injuries suffered by the plaintiff employee arose "out of and incidental to his employment in the course of his employer's trade, business or occupation," etc., and which allegation substantiated by proof is a prerequisite to recovery under subdivision 2 of section 1 of the statute (Act No. 20 of 1914, § 1, subd. 2).

Nor did the supplemental or amended petition filed by the plaintiff, after the exception of the defendant had been lodged, fully meet the requirements of the law. We quote paragraph 2 of the supplemental and amended petition:

"Petitioner avers he desires to amend his original petition by inserting an additional paragraph which may be designated as paragraph five and a half, which said additional paragraph will contain the specific allegation.

"Petitioner avers that when he was employed by the said Lionel J. Langlois to demolish the brick wall formerly constituting a part of the Alamo Theatre, that his employer Lionel J. Langlois, was then engaged in the hazardous business or occupation of demolishing the said brick wall, your petitioner being hired with other persons to demolish the said brick wall."

As will be observed, the pleader went as far as he could under the facts doubtless known to him, but, instead of developing that the defendant was actually engaged in demolishing brick walls and other structures "as a trade, business or occupation," rather negatives by his own pleadings the specific requirements of the section of the act referred to.

But counsel for appellant insists with much vigor and sincerity that no rigid rules of pleading or practice should obtain in matters having to do with the Workmen's Compensation Act (Act No. 20 of 1914 as amended), and we readily yield to this wholesome rule. We recognize that no refinement of language or exactitude of expression are necessary to present a workman's cause under this act to the courts, and that the technical rules of pleading do not ordinarily prevent or impede the enforcement of its provisions.

However, courts must have some regard for the ordinarily accepted rules of pleading, and reject a petition in any case which does not evidence, in some way, that the plaintiff would be entitled to relief under the administration of evidence in support of the allegations thereof. In this case it is quite plain that even if the plaintiff was able to prove by credible evidence every allegation of his petition, he would still be disentitled to relief. The true and accepted rule as to cases of this character is announced by our Supreme Court in Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273, 274, where it is said:

"While it is intimated in the case of Pierre v. Barringer, 149 La. 71, 88 So. 691, that exceptions are out of order in suits under that act, yet an examination of that case will show that it is authority only to the extent that, where the petition merely fails technically to disclose a case of action, an exception of no cause of action should be overruled. In this case the failure is substantial, even to such extent that, if the question as to whether the occupation was hazardous should be considered on the merits, in the light of the evidence introduced, it would result only in the rejection of plaintiff's demand."

In concluding our discussion it is also pertinent to this case to cite the decision of Shipp v. Bordelon, 152 La. 795, 94 So. 399, 400, where the court had almost an identical question to deal with. Here is what it held regarding this trade, business, or occupation of the employer:

"Hence we see that it is not enough that the employee shall be performing work of the character falling within the designated trades, businesses, or occupations, but it must be done 'in the course of the employer's trade,' etc., in certain trades, businesses, etc. In other words, the work must be of that character, and the employer must be engaged in that line of work as a trade, business, or occupation, in order that the act may apply. It is not pretended that the defendant was engaged, as a trade, business, or occupation, in the building, repairing, etc., of houses or other structures, but merely found it necessary to repair a certain building on his farm."

As before stated, the district judge sustained the plea of no cause of action and dismissed the suit. His judgment, under our view, is correct, and it is therefore affirmed.