RESTER v. COMMUNITY STORES, Inc.

No. 1630.

Court of Appeal of Louisiana. First Circuit.

June 30, 1936.

Shelby Taylor, of Baton Rouge, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, for appellee.

OTT, Judge.

The plaintiff alleges that he was employed as a clerk in the grocery store operated by the defendant in Baton Rouge; that while so employed, on September 23, 1935, he sustained an injury to his back, incapacitating him from work since said date, and he asks for compensation in the sum of $5.84 per week from the date of the injury until he recovers from the effects of the injury. He also seeks to recover for doctor and medical bills.

Plaintiff avers that pursuant to his employment he performed such work in said store as was assigned to him by the manager in handling the stock of groceries and placing them on the shelves for sale; that while in his line of duty performing work in said store as directed in removing some sacks of potatoes weighing about 100 pounds each and piled upon each other in piles about seven feet high, three of the sacks on top of the pile fell on him while he was attempting to remove the sacks, and threw him to the floor across some other boxes, causing the injury to his back for which he seeks compensation.

The case comes to us on an appeal from a judgment by the trial court dismissing plain-

tiff's suit on two exceptions, viz., an exception to the capacity of plaintiff to sue and stand in judgment because of his minority, and an exception of no cause or right of action. Both exceptions were filed at the same time, and both were maintained by the trial court.

### Exception of Want of Capacity.

Both the plaintiff and his father testify that plaintiff was 21 years of age on December 24, 1935. The father testified that plaintiff was born on December 24, 1914. A family Bible was introduced in evidence showing what purports to be a record of the names and date of birth of all the children of plaintiff's father. In this list is the name of Juel J. Rester, born December 24, 1914. These records appear to have been made in the same handwriting and with the same kind of ink. The plaintiff's father testified that these entries were made in the family Bible by him from time to time as the children were born. However, the minute clerk of the East Baton Rouge court who appears to have had considerable experience in handling documents written with pen and ink testified that these entries of "Births" in this Bible had the appearance of having been made at the same time and with the same ink. Our examination of the entries leads us to the same conclusion.

Plaintiff registered in 1935 and voted in the primary election in January, 1936. In his application for registration he states that he was born on December 24, 1913. He explains this discrepancy in the year 1913 as given in his application for registration and in the year 1914 which he now claims as the year of his birth by saying that he made a mistake in his registration application.

On May 24, 1933, plaintiff's father filed a petition verified by his affidavit for the purpose of effecting a compromise settlement on a compensation claim of plaintiff, in which petition plaintiff's father averred that his son, Juel Rester, was 17 years of age. If plaintiff was then 17 years of age, he could not have been 21 when the present suit was filed in January, 1936. The father of plaintitff explains this discrepancy by saying that, when he signed the affidavit to the petition in 1933 to the effect that his son was 17 years of age, he thought it had reference to his age at the time of the injury in October, 1932.

Counsel for defendant indicated in argument that he was not especially concerned with the maintenance of this exception by this court, as he is relying principally on the other exception. In view of the fact that the plaintiff's father has testified to the majority of his son, and has thereby estopped himself from questioning the capacity of the plaintiff to sue and stand in judgment herein, and in further view of the fact that we have reached the conclusion that the exception of no cause or right of action is well taken, we have decided to rest our decision on the latter exception, and we will therefore overrule the exception of want of capacity in plaintiff.

### Exception of No Cause or Right of Action.

The Workmen's Compensation Law, Act No. 20 of 1914, § 1, after providing that it shall apply to persons employed by the state and its subdivisions, also makes it applicable and available to "every person performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, businesses, and occupations: [Then follows a list of such trades, businesses and occupations.]" It is then provided that, if there be or arise any hazardous trade, business, or occupation or work not enumerated, it shall come under the provisions of the act. The question of whether or not a trade, business, or occupation not named is hazardous may be determined by agreement between the employer and employee or by submission to the judge having jurisdiction over the employer.

As plaintiff does not allege, nor the facts in his petition show, that his employment comes under any of the trades, businesses, and occupations covered by the act but not listed therein as hazardous, it follows that, if plaintiff is entitled to compensation, it must arise from his employment in one of the named hazardous trades, businesses, or occupations. The grocery business is not named in the act as one of the hazardous trades, businesses, or occupations covered by the act, nor is any form of mercantile business, wholesale or retail, so designated therein.

In order for the employee to come within the act, it must be shown that he was engaged in the kind and character of work specified as hazardous in the designated trades, businesses, and occupations, and, in addition thereto, it must be shown that his employer was engaged in that line of work as a trade, business, or occupation. Shipp v. Bordelon, 152 La. 795, 94 So. 399; White v. Equitable Real Estate Co. Ltd., 18 La.App.

714, 139 So. 45; Charity Hospital of La. v. Morgan et al. (La.App.) 143 So. 508.

The plaintiff. does not allege in his petition that he was employed in doing work in any of the hazardous trades, businesses, or occupations named in the act, nor does he allege that his employer was engaged in any such trade, business, or occupation as a trade. On the contrary, the facts in the petition show that plaintiff was engaged in a nonhazardous occupation at the time of his alleged injury, and these facts likewise show that his employer was engaged in a nonhazardous business, viz., the operation of a grocery store. Moreover, the circumstances set up in the petition as to the cause of the alleged injury show on their face that plaintiff was not pursuing any hazardous work connected with the grocery business of such a nature as to render the nonhazardous business of his employer hazardous in that particular part of the work assigned plaintiff to perform. Therefore, assuming that plaintiff can prove all the facts which he alleges with reference to the character of the work which he was performing when injured as well as the kind of business carried on by his employer, he would still be unable to come under the provisions of the law which he invokes to recover compensation. His petition, given its most liberal construction, therefore, fails to set forth a cause of action. Dewey v. Lutcher-Moore Lumber Co., 151 La. 672, 92 So. 273; Lay v. Pugh et al., 9 La.App. 183, 119 So. 456; De Lony v. Lane et al. (La. App.) 155 So. 476; Wilkie v. Langlois (La. App.) 164 So. 434.

Counsel for plaintiff earnestly insists that we should not dismiss the suit on the exception of no cause of action, but, if we find that the petition fails to set out a cause of action, we should remand the case so as to give him the opportunity of making the necessary allegations. He refers us to the provisions of the Compensation Law requiring a liberal construction of its provisions and a disregard of the technical rules of pleading and evidence. We are also referred to the case of Brown v. Edwards et al. (La.App.) 160 So. 173, and the cases therein cited, to the effect that in cases of this kind exceptions of no cause of action should not be sustained unless grounded on alleged facts which show in themselves, if true, that plaintiff has no right to recover.

We are in full accord with the principles announced in those cases which hold that the employee should not be handicapped in his effort to recover compensation because his cause of action is not fully or clearly stated, or because he does not use technical and artistic language in presenting his claim to the court; nevertheless we are not unmindful of the numerous cases which hold that exceptions of this kind should be sustained where it appears from the facts alleged, or those which might be alleged and proved, that plaintiff could not recover, even though he proved all such facts. See Wilkie v. Langlois, supra, and cases there cited.

We fail to see wherein plaintiff could amend his pleadings so as to bring his case within the Compensation Law, even though we should remand the case to enable him to amend. Plaintiff shows by his petition that his employer was engaged in a nonhazardous business, and that the kind of work he was doing when injured was not in connection with any of the hazardous trades, businesses, or occupations mentioned in the act. He could not by new and additional allegations change the law so as to bring his case within its purview.

We are also aware of the fact that, even though the employer's main business may not be hazardous per se, if, in connection with said business and incidental thereto, the employer conducts other lines of business which come within the classification of hazardous trades and businesses, and if the employee was employed to work indiscriminately in the hazardous and nonhazardous branches of the business, he will be entitled to compensation, whether the injury was received while working in the hazardous or the nonhazardous part of the business. Byas v. Hotel Bently, 157 La. 1030, 103 So. 303.

In the case of Stockstill v. Sears-Roebuck & Co. (La.App.) 151 So. 822, the defendant was a merchant selling general hardware, electric refrigerators, and other merchandise. It was held that defendant was not engaged in a hazardous occupation in his capacity of general merchant, but, in view of the allegation in the petition that said merchant, as part of its business, sold and installed electric refrigerators in the homes of customers, thereby making it necessary for the employee to remove or handle electric wires, the latter a hazardous occupation under the act, the court allowed a recovery under the Compensation Law to an employee injured while attempting to remove one of the refrigerators.

Likewise, in the case of Moritz v. K. C. S. Drug Co., Inc. (La.App.) 149 So. 244, the

court held that the business of retail druggist is not hazardous, but an employee, engaged to deliver packages to customers on a motorcycle, who was injured while thus employed, was allowed to recover compensation, on the ground that the operation of a motorcycle is classed as a hazardous occupation under the Compensation Law. While the principal business of the employer was nonhazardous, yet the delivery of packages on a motorcycle as part of that business was hazardous, rendering the employer liable to any employee while working in the hazardous part of the business.

Plaintiff cannot bring his claim within any of the preceding three cases. Should he allege that his employer, as part of his nonhazardous grocery business, was also engaged in some hazardous business in connection therewith, he could not now allege and prove that his injury was sustained while working in the hazardous part of the business, for the reason that he has already alleged that his injury occurred while he was working in a nonhazardous business.

For the reasons assigned, it is ordered that the judgment appealed from be affirmed in so far as the same sustained the exception of no cause or right of action and dismissed plaintiff's suit.