GLADNEY, Judge
(dissenting).
I disagree with the majority view that claimant’s injuries occurred within the course of his master’s trade, business or occupation. The employment of Speed and his coworkers to demolish the unusable portion of the theater building and salvage material therefrom for the purpose of facilitating the erection of a new structure to house the master’s business, did not, in my opinion, cause the master to engage in as a trade, business or occupation that hazardous work designated in the Employers’ Liability Act as “work in any of the building or metal trades in the erection, construction, extension, decoration, alteration,' repair or demolition of any building or structural appurtenances.” LSA-R.S. 23:1035.
The record discloses that the only line of business the employer was engaged in was that of the exhibition of motion pictures. Such a business is not per se hazardous, but does require in its operations services of a hazardous nature designated as such by the Act, which services are performed by regular employees. In the instant case the business was not so extensive as to cause the owner or operator to maintain within his organization employees to perform such services as were being performed by claimant at the time of his injury. The employment was unusual and it was necessary for Page to go beyond his organization to secure claimant to do the particular work. That such work was not an integral part of the master’s trade is indicated by the engagement of the contractor, Ohlsen, to reconstruct the theater.
An unbroken line of decisions interprets the Act to mean that the fact alone that the duties or services of the employee are hazardous and are so designated in the statute is not enough. It is also essential that the hazardous employment be a part of the employer’s trade, business or occupation. The legal effect is stated with clarity in the oft cited case of Shipp v. Bordelon, 152 La. 795, 94 So. 399. The holding is of equal application to a business irrespective of its classification as hazardous or nonhazardous. The general rule was stated thusly in Caldwell v. George Sproull Company, 184 La. 591, 168 So. 112, 113:
“Defendant company has never engaged in the business of contracting for papering or painting houses. Its exclusive business is the manufacture and sale, wholesale and retail, ■ of-paints, varnishes, and wallpaper. At no time has plaintiff been employed by defendant company in any capacity, either at its factory or at its wholesale and retail store, or in hauling or handling in any way any of its products.
‘.‘As plaintiff was never employed by. defendant company to work or serve in any capacity in the course of his employer’s business, but only as an outside workman to do a special job of paperhanging, it cannot be held that he was an employee of defendant company under the Employers’ Liability Act of this state, and it is immaterial, therefore, under the facts of this case, whether the business in which defendant company is engaged is hazardous.”
The following cases illustrate the confused condition of our jurisprudence : Wilkie v. Langlois, La.App., 1 Cir., 1935, 164 So. 434, and Gonsoulin v. Southern Amusement Company, La.App. 1 Cir., 1947, 32 So.2d 94. In the first named case our brothers of the First Circuit followed the reasoning of the Supreme Court in Shipp v. Bordelon, 152 La. 795, 94 So. 399, and its holding is consistent with Caldwell v. Sproull Company, supra. In the Wilkie case an exception of no cause of action was sustained when the Court held the allegation quoted below from the supplemental *144 petition insufficient to bring claimant’s case under the Act:
“Petitioner avers that when he was employed by the said Lionel J. Langlois to demolish the brick wall formerly constituting a part of the Alamo Thea-tre, that his employer Lionel J. Lan-glois, was then engaged in the hazardous business or occupation of demolishing , the said brick wall, your petitioner being hired with other persons to demolish the said brick wall.”
The court observed that the pleader alleged all he could under the facts known to him, but he failed to set forth that the defendant was actually engaged in demolishing brick walls and other structures “as a trade, 'business or occupation.” In Gonsoulin v. Southern Amusement Company, the plaintiff was employed at the moving picture theater of defendant for the purpose of repairing a marquee when he received his injuries. Recovery was allowed after the court found as a fact that in order to conduct a picture show theater the building is necessary and it is essential that the building be kept in repairs. Likewise it was determined that the marquee is a necessary adjunct to the theater and it had to be kept in repair in order to have the proper use thereof. The court stated the issue as follows:
“Defendant, although not in the business of repairing buildings for others, undertook, by a foreman in charge, to make the necessary repairs, such as was being done by the plaintiff at the time of the accident and injury. The question then arises whether plaintiff, under these facts, is protected by the compensation statute since the business of repairing of any building or structural appurtenances is classified as a hazardous occupation.” [32 So.2d 96.]
The holding of the Court was predicated upon Hecker v. Betz, La.App.Orl.Cir., 1937, 172 So. 816. Compensation in that case was awarded to plaintiff, a plumber, who was employed to install plumbing fixtures in the building used by Betz in housing his motor vehicles and operating the business of an undertaker.' The business of an undertaker or mortician was considered not to be hazardous, nor did it contain any hazardous features other than the operation of motor vehicles necessary for the conduct of such business.
Shipp v. Bordelon and Caldwell v. Sproull Company, supra, represent the views of our higher tribunal and since the views of the majority opinion herein appear to be irreconcilable with the holdings of these cases, I feel obliged to follow the opinions of the Supreme Court. I am also of the opinion that by extending the application of the Act, as in the instant case, to employments not properly within the trade, business or occupation of the employer, the Court erases the statutory limits of the Act manifestly present as demonstrated in the Shipp and Caldwell cases. To hinge the employer’s liability on such generous phrases as “in furtherance of” and “necessary to”, etc., expressions not to be found in the Act, will, in effect, require every employer to obtain accident insurance to cover every service of a hazardous character performed by an outside employee, no matter how unrelated to his own business or accidental in its requirement. In effect whenever a building or structure for the employer’s business is erected the owners thereof incorporate within the principal business a subsidiary line — that of construction work. For these reasons I respectfully dissent