No. 12,894.

MRS. W. D. SMITH ET AL. VS. HOWARD D. SMITH, IN RE., MRS. W. D.
SMITH APPLYING FOR A WRIT OF CERTIORARI TO THE COURT
OF APPEALS, FIRST CIRCUIT, STATE OF LOUISIANA.

SYLLABUS.

FEE OF ATTORNEY.

The value of the services involved only a question of fact within the exclusive
appellate jurisdiction of the Court of Appeals.

GOOD WILL.

A partnership carrying on business of an insurance agency which has been dis-
solved, as relates to "good will" leaves nothing in the nature of property
right.
The partnership had terminated by death of one of the partners. The other had
the right to continue the business of an insurance agency in his own name
and he was free to take the agency offered him in his own name.

COMPENSATION NOT ALLOWED PARTNER FOR SERVICES.

No allowance under the rule of interpretation of the courts is to be made for
services rendered by a partner in the absence of an agreement.

*Price & Barksdale* and *W. A. Van Hook* for Petitioners.

---

Respondents *in propriae personae.*

---

*Graham & Pearce* for Defendant, W .H. Smith.

---

Submitted on briefs August 1, 1898.
Opinion handed down December 5, 1898.
Rehearing refused Janury 9, 1899.

---

The opinion of the court was delivered by

BREAUX, J.   The plaintiff, (relator here) personally and as tutrix, commenced suit on July 8, 1897, aginst Howard W. Smith, surviving partner of the firm of E. & H. Smith.

The late Eugene Smith was her husband and the father of the minor whom she represents as natural tutrix. He died on March 11th, 1898.

In her suit she complained of the charge made by the defendant, surviving partner, for services rendered; she claimed the profits of an insurance business carried on by Howard E. Smith, after the firm was dissolved, and one-half of the price of the sale of the insurance business at one time carried on by the firm, and also interposed opposition to the fee of the attorney.

Her petition contained other demands which were sustained by the judge of the District Court, and which no longer present issues to be determined.

The return of the judges to the order *nisi,* which was issued by this court, was, as relates to the facts, that the defendant was conducting an insurance business for the partnership, and supervising their outside partnership affairs; that the earnings of the common labor of the partners, and the profits of their insurance, went into the partnership.

Under the advice of a family meeting, held in May, 1893, Howard Smith, surviving partner, assumed the charge of the partnership affairs, (except the insurance business, the return shows), and conducted it for its liquidation.

In November, 1893 a second family meeting was held for the minor and in accordance with its recommendation, exchanged the farm owned by the partnership for the half interest of a commercial business.

This mercantile business was continued for 1894 and 1895 under the name of Smith and Gullet.

By agreement with the firm, Gullet's services to the firm were to be equalled and compensated by defendant's, Smith's, service, thereto.

In November, 1895, another family meeting was held for the minor, under which a partition was made between plaintiff and defendant.

In September, 1896, a provisional account was filed by the tutrix, which was homologated in October, 1896, purposing to liquidate the affairs of the partnership of Smith and Gullet, and of the partnership of E. & H. Smith.

The purpose of the suit brought by plaintiff in July, 1897, was to assail and to have declared null the various family meetings, and the provisional account of tutorship.

We proceed to take up for determination, the remaining questions. brought up in the application to have the judgment of the Court of Appeals and that of the District Court reversed.

## FEE OF ATTORNEY.

The first complaint giving rise only to an issue of fact, as we appreciate it, is that relating to the fee of attorney. An amount, two hundred dollars, was charged to the minor alone, though plaintiff contends she owed only one-fourth of the amount, and that the remainder was due by the partnership of E. & H. Smith.

We are informed by the court's return, that the attorney's fee was. moderate in amount, and that the services were rendered in the interest of the minor alone, and not to the firm of E. and H. Smith.

We have seen that in course of the settlement of the succession a number of family meetings were held and accounts for the minor were filed.

The District Court, and the Court of Appeals having determined'

that the services were rendered to the minor alone, and that they were moderate, we would not be warranted in holding, that, as to this mere question of fact, there was error in the courts' decision.

## CLAIM FOR THE GOOD WILL OF THE PARTNERSHIP CARRYING ON AN INSURANCE BUSINESS.

It appears that the insurance business was bought for the sum of two hundred and fifty dollars; this amount was paid for tangible property transferred by the vendor, and for the business.

After the termination of the partnership, E. H. Smith, the defendant, gave notice to the insurance companies of his brother's death, and the agencies were renewed with defendant.

We understand, as relates to this insurance business, that the tangible property was divided.

Defendant continued, after the termination of the partnership, the insurance business in his own name, until about December, 1898, when he sold the business and its "good will" for five hundred dollars, and retired from the business.

The foregoing is in substance respondent's statement of facts about the insurance business, and we do not gather from the argument of counsel, that it is erroneous in any substantial particular.

Did the plaintiff have an interest in the "good will" of the business sold by defendant, some months after the dissolution of the partnership, is the question before us for decision.

We have seen that the partnership, at the time of the sale, had been terminated by the death of one of the partners, and the evidence discloses, that after his death, the surviving partner claimed the business in his own name.

There can be no right to the "good will" of an insurance agency which has been for some time dissolved.

The firm was not in business, and could have no "good will" to transfer.

The agency was one of trust and confidence on the part of the companies represented, and success among those who secured insurance was dependent upon the individual industry of the agent.

The good will had no value, save the value which the agent gave it by his exertions.

At the termination of the partnership, as we appreciate the issues,

the companies represented by the late firm had the right to select another agent.

Had the companies appointed another agent than the defendant, he would not have been bound to any one for the good will of the late firm.

The appointment of the defendant, did not have the effect of giving a property right to a business (or good will) which had no such right.

A definition ought to assist in considering the case.

"Good will" is the advantage or benefit which one has beyond the mere value of the capital or other property employed, which arises from the encouragement the establishment or firm receives on account of its local position, reputation for skill, or from other circumstances. Story on Partnership, Section 99.

In the case before us for decision, we do not discover that after its termination, there remained any of the values to which, in our view, the definition refers.

The business was not continued in behalf of the firm, or in its name.

As we gather from the facts, the business sold by the defendant was not in any way the business of the dissolved firm.

It was defendant's business, built up by his own labor. For about seven months, (*i. e.* from the date of his partner's death), he had conducted the insurance business in his own name and for his account.

We will not assume, in the absence of evidence, that the business sold seven months after the dissolution, was the business conducted by the dissolved firm, and therefore, the business which the defendant sold for five hundred dollars.

Regarding a dissolved insurance agency, the Supreme Court of Texas said: "The agencies which the partnership had secured were determinable at the will of the principals, and there could be no property in them.

"They actually ceased upon a dissolution of the firm, and that said partner was left free to continue business in his own name."

Rice vs. Angell, 72 Texas, 250. See also, Menendez vs. Holt, 128 U. S. 522.

In our judgment, the District Court and the Court of Appeals correctly held that defendant could not be held for half of the alleged value of the insurance business.

With regard to plaintiff's claim to half of the alleged profits of the

insurance business subsequent to the death of E. H. Smith, we agree with our learned brothers of the Circuit Court of Appeal, that it could only be demanded on the theory that the partnership of E. and H. Smith, as relates to the insurance continued after the death of E. W. Smith, but there was no partnership after his death; we have seen that the partnership as related to the insurance business, was not continued for partnership account.

### CHARGES OF SURVIVING PARTNER FOR SERVICES TO FIRM.

Lastly; plaintiff complains of the amount charged by the defendant for managing the partnership business after dissolution by the death of her late husband.

Prior to his death, neither charged for services rendered to the partnership.

All agree, that it is the rule that labor and services of a partner in the accomplishment of partnership operations are not to be charged unless under an agreement.

Taylor vs. Ragland, 42 Ann. 1020.   Hull vs. Executor, 12 Ann. 129. Story on Partnership, Sec. 185.

There was no agreement entered into between plaintiff and defendant in regard to payment for labor and services of the defendant to the partnership.

It is true, that about the time that defendant began to render services for which he claims payment, after the death of his partner, he notified plaintiff of his intention to charge for one-half of the value of the services; it may be, that she was quite well aware that defendant would insist upon payment.

But it does not appear that she gave her consent thereto, on the contrary, she stated, that she did not think it was right; but that if it was right, she would pay it.

An attempt was made by mutual friends to adjust the difference between plaintiff and defendant.

Matters remained in this situation, and nothing further was done or said about this claim, until at the settlement it was presented as one of the items of indebtedness.

In our judgment, there was no acquiesence (equivalent to a required agreement between the partners) on the part of the plaintiff.

In accounting by the liquidating partner, the general rule is

to ascertain the value of the assets, and to deduct the aggregate debts and expenditures.

The balance is to be divided. The services required for the liquidation or the management of the business, are rendered to the partnership as much to one partner as to another.

The liquidating partner becomes the *employer*, also the *employe*, of the partnership.

In this dual capacity, he is not expected to charge for labor and services, unless by or under a special agreement.

Where partners, or those who represent them, after the dissolution of the partnership, continue the business without any new agreement, they will be presumed to continue business under the original agreement, neither can demand payment for services rendered during the partnership.

Bradley vs. Chamberlain, 16 Vermont 615.

A partner cannot be allowed compensation for liquidating the affairs of the partnership without an agreement for such an allowance. Gyger's Appeal, 62 Penn. 80. Piper vs. Smith, 1 Head 74. Fox on Partnership, page 12.

A partner is only entitled to just allowance for actual charges and expenses for managing the trust after dissolution.

The partnership in respect agreed upon was a continuing one, but whether continuing with a view of general business to which it had been previously engaged prior to its dissolution, or for the purpose of liquidation, we understand that it comes within the rule that no compensation is due to the partner who rendered extra service to the company; no agreement having ever been made to authorize such a charge.

For reasons assigned, it is ordered, adjudged and decreed, that the rule *nisi* which was issued by this court be discharged as relates to the fee of attorney and the asserted "good will" of the partnership of E. and H. Smith.

It is ordered, adjudged and decreed, that as relates to services of the defendant in the management, and for his services in the way of work in the store, an item of six hundred dollars, charged to the partnership, be disallowed and rejected; and it is decreed that the surviving partner of H. W. Smith account to the partnership for the said sum.

To that extent the order which was issued by this court is affirmed, at cost of the defendant and respondent, Smith.