PROVO STY, C. J.
This suit is under the Workman’s Compensation Act (Act No. 20 of 1914) for an injury received in the course of cigar making by hqnd — an occupation admitted not to be dangerous.
[1] Relief is extended by said act only for injuries received in the course of dangerous employments. However, by paragraph 4 of section 1 of the act the employer and employee may agree that the employment shall come under the act -though not dangerous. But such agreement is required to be in writing; and there was no agreement of any kind in this case, unless, as counsel contend, one resulting by implication.
Implication cannot be allowed to answer for writing when writing is expressly required. The very purpose of requiring writing is to forestall all possible contention of any agreement in the absence of writing. This provision is in the interest of the employee as much as in that of the employer if not more so; for by such an agreement the employee is limited to the moderate compensation under the statute, and deprived of recourse under article 2315 of the Code. To deduce such an agreement by implication for the purpose of defeating an employee’s suit under said article 2315 of the Code would be simply out of the question, in view of the said express provision of the act positively requiring such an agreement to be in writing; and so the implication cannot be allowed for holding the employer. It takes two to make an agreement; there cannot be such a thing as an agreement by implication as against the employer and none possible as against the employee. In that connection we reproduce, in the margin, the concurring opinion of Judge Claiborne on rehearing in the Court of Appeal-, where this point is elaborated.[1]
[2] The employer had taken out liability insurance under the said act; and the present suit is against the surety on the bond. The bond is not in the record. In its absence we shall have to assume that the condition of it was, as is required by section 23 of the act, that “the insurer * * * will * * * *877 pay to the person entitled to compensation all * * * compensation that may be awarded or agreed upon.” In the present case no compensation can be awarded, and none has been agreed upon.
Counsel say that mere technicalities cannot avail in suits under the Workman’s Compensation Act; and that, the defendant company “having admitted in its original answer that it was the insurer under the Workman’s Compensation Law, it cannot in a subsequent answer change the issue and declare that it was not the insurer.”
[3] The technicalities which are discountenanced by the Workman’s Compensation Act are those of procedure, not those which go to the merits of the case. The latter are not properly speaking technicalities, but matter of substantial law. The reason plaintiff cannot recover under the Workman’s Compensation Act is that the employment was not dangerous, and that there was no agreement in writing that the parties should come under the act. Nothing of mere technicality in this, but matter of fact and statute law.
[4, 5] The admission made by defendant company in its original answer was that it was the insurer of the employer; but the defendant company accompanied this by a denial of liability to plaintiff. We do not see that there has been any change in the defendant company’s attitude. Independently of all admission, the fact stands out that the defendant company was the insurer of the employer; but from that fact does not result in favor of plaintiff a right of action under tlie Workman’s Compensation Act. Plaintiff had no right of action under the act against the employer, and has none against the surety of the employer.
The judgment of the Court of Appeal is affirmed, at the cost of plaintiff.
O’NIELL, J., being absent from the state, takes no part in the decision of this case.
NOTE.
Concurring Opinion of Judge Claiborne on Rehearing in the Court of Appeal.
Under the Employers’ Liability Act, there are two classes of occupations that are protected. They are those that are denominated as “hazardous” in section 1, par. 2 (a), of the act; and those that are made so by agreement of the parties or by judgment of a court, in both cases, prior to the accident. 14 Court of Appeal, 230, Dejan v. Ujffy, and Anderson v. Tharp, No. 7373 Ct. App.
The law never intended to protect employer or . employee in ap occupation not hazardous, because, in the absence of danger, they needed no protection.
It is admitted that the plaintiff, who worked in a handmade cigar factory, was not employed in any of the hazardous occupations denominated in section 1, par. 2 (a), of the Employers’ Liability Act of 1914.
Nor is it contended that her occupation was a “hazardous” one other than those mentioned in said section as provided in paragraph 3 of said section -1, for there was no judgment of court rendered prior to the accident nor any agreement “between her and her employer” as provided by paragraph 4. But it is argued that the plaintiff, by “express or implied” agreement between herself and her employer, has placed herself under the provisions of said act according to section 3, par. 1, namely, the “express or implied” agreement resulting from the fact that the employer had posted in his premises the notices required by section 12 of said act.
There is nothing in the- law that constitutes this notice an agreement between the parties. The notice has another, object in view. It takes the consent of both parties to make a contract. It is not in the power of the employer to abridge his own liability nor the rights of his employee by posting such a notice. It has been held that a lessor cannot recover an increased rent, which he notifies his lessee he will demand if he holds over, unless the lessee consents to such increase. Rodriguez v. Combes, 6 Mart. (O. S.) 275; Mossy v. Mead, 2 La. 157; Heirs of Duverge v. Salter & Marcy, 6 La. Ann. 450; Marmiche v. Roumieu, 11 La. Ann. 477; Smith v. Smith, 51 La. Ann. 77, 24 South. 618.
It is contended, however, that such “express or implied” agreement results from the provisions of section 3, par. 1, of said act, which reads as follows:
“Section 3. 1. Be it further enacted, etc., that *879 this act, except sections 4 and 5, relating to defenses, shall not apply to any employer or employee engaged in the trades, businesses, and occupations specified in paragraph 2 of section 1, nor to those that may oe determined to be hazardous under the operation of paragraph 3 of section 1, unless, prior to the injury they shall have so elected by agreement, either express or implied, as hereinafter provided.”
It is evident, as provided by the very words of the law, that this section relates to the relations of employer and employee in “hazardous” occupations “hereinafter provided” in paragraphs 2 to 6, and not to the nonhazardous occupations mentioned in the prior paragraph 3, section 1,
Section 3, par. 3, p. 47, provides: “Every contract of hiring, verbal, written or implied, between any employer or employee engaged in the trades, businesses or occupations specified in paragraph 2 of section 1, or engaged in the trades, businesses or occupations that may be determined to be hazardous under the operation of paragraph 3 of section 1, made subsequent to the time provided for this act to take effect, shall be presumed to have been made subject to the provisions of this act, unless there be as a part of said contract an express statement in writing not less than thirty days prior to the accident, either in the contract itself or by written notice by either party to the other, that the provisions of this act other than sections 4 and 5 are not intended to apply, and it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby."
The “express” agreement mentioned in section 3, par. 1, is the repudiation “in writing” of the act; and the “implied” agreement is the silence of employer or employee, by which it is “presumed that the parties have elected to be subject to be bound thereby.”
But it is impossible to escape from the clear and unambiguous language of paragraph 4 of section 1, p. 46, that the only way in which an ^employer or an employee engaged in an occupation not specified as “hazardous” by the act itself, nor. adjudged to be so by a judgment of the court prior to the accident, can come under the operation of this act, is, in the language of the law, for them “prior to the accident” to-“voluntarily contract in writing to come under the benefit and protection of the provisions of this act with the same force and effect as though they had been specifically included instead of omitted.”
It is conceded in this case that plaintiff’s employment was not hazardous; it is not contended that a judgment of court declared it to be hazardous, nor that the plaintiff and defendant “voluntarily contracted in writing to come under the benefit and protection of said act; therefore she cannot recover, and there must be judgment for defendants.

 See note at end of case.