BROWN, Appellant, v. TRANCHINA

———

(March 1, 1926.   Opinion and Decree)

———

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant Par. 156, 157.**

The driver of a mule and wagon engaged in hauling sand and manure is not engaged in "work in any of the building or metal trades in the erection, extension, repairs, etc., of building or structural appurtenances" under Sec. 1, paragraph 2 of the Compensation Law declaring such employment hazardous.

Appeal from Civil District Court, Division "E".   Hon. William H. Byrnes, Judge.

Action by Eugene Brown, et al., against Frank Tranchina for compensation under the Workmen's Compensation Law, Act 20 of 1914.   There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

Frank S. Norman, of New Orleans, attorney for plaintiffs, appellants.

W. W. Wright and John D. Nix, Jr., of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.   This is a suit by dependents under the Compensation Law for compensation for the death of one Manuel Brown, a teamster, due to his having been kicked by a mule.

From a judgment in defendant's favor, plaintiffs have appealed.

The case is defended upon the ground that Brown was not in defendant's employ at the time of the accident, a question of fact, and upon the further ground that Brown's occupation was not hazardous under paragraph 2, section 1 of the Employers' Liability Act, a question of law.

The view we take of the matter renders it unnecessary to consider the question of fact, for we are convinced that as a matter of law, Brown's occupation was not hazardous.   It is not contended that there was any agreement between employer and employee or any decree of any court holding and providing that Brown's occupation be considered hazardous, as provided by paragraph 3 of section 1 of the law, consequently, Brown's employment must be comprehended by the terms of paragraph 2 of section 1, or no recovery can be had. Benjamin vs. Standard Accident Co., 152 La. 875, 94 South. 428.

This paragraph declares the following occupations to be hazardous:

"The operation, construction, repair, removal, maintenance and demolition of railways, mills, foundries, etc. * * * rigging or coaling of vessels, loading or unloading of vessels, logging and lumbering; storing ice, paving with asphalt or other molten material, excavating or grading with power machinery, or with the use of an explosive, working in compressed air, dredging, pile driving, boring, moving safes, chimney sweeping.   The construction, installation, operation, etc., of wires, cables, switch boards or apparatus charged with electrical current.   Work in any of the building or metal trades in the erection, extension, repair, etc., of building or structural appurtenances.   Any occupation entailing the manufacture, etc., care of or use of or regular proximity to dangerous quantities of gunpowder, dynamite, nitro-glycerine and other like dangerous explosives.   The installation, repair, erection, removal or operation of boilers, furnaces, engines and other forms of machinery."

Plaintiffs' counsel contends that Brown, who was employed to drive a mule hitched to a wagon of manure and sometimes of sand and to load and unload the wagon,

was within the protection given by the quoted section to employees engaged in "work in any of the building or metal trades, extension, repair, etc., of building or structural appurtenances".

There is nothing in the record to indicate that the deceased was in any way connected with the building trade or in the extension or repair of buildings. At the time of the accident he was not driving the mule but riding on the driver's seat along side of the driver and engaged in whipping the mule with the end of the reins.

The judgment appealed from must be and it is hereby affirmed.