GRIFFIN v. HOTARD

---

(February 24, 1928. Opinion and Decree.)

---

(May 8, 1928. Writ Refused by Supreme Court.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant —Par. 153, 154, 160 (i); Insurance— —Par. 166.**

Under the compensation statute neither the principal, who pays compensation to an employee of a sub-contractor, nor an employee, now his beneficiary, has a cause of action against an insurer of the sub-contractor unless and until

an award of compensation has been made or agreed upon, or the employer becomes insolvent, or execution upon a judgment for compensation is returned unsatisfied.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Almeda Griffin against Theodore O. Hotard.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

J. S. Goutheaux, of New Orleans, attorney for Almeda Griffin, plaintiff, appellee.

Edward Rightor, of New Orleans, attorney for Employers' Liability Corporation, defendant, appellant.

Milner & Porteous, of New Orleans, attorneys for Theo. O. Hotard, appellant.

WESTERFIELD, J. Plaintiff, on her own behalf, and on behalf of her minor children, sues for compensation for the death of her husband, Willie Griffin.

The defendant, Hotard, who was the general contractor for the erection of a building, in the construction of which Griffin was killed, answered, averring that when killed Griffin was employed by a nonresident sub-contractor, Thomas B. Moulding Brick Company, Inc., of Chicago, which corporation carried compensation insurance with the Employers' Liability Assurance Corporation of London, and called the insurance company in as co-defendant.

Plaintiff thereupon filed a supplemental petition, by which she adopted the averments of the original defendant in its answer in so far as they affected the liability of the Thomas B. Moulding Brick Company and its insurer, the Employer's Liability Company, and prayed for judgment against all three defendants in solido. The Brick Company was served by process directed to the secretary of state. No appearance was made on its behalf, and no default taken, consequently it is out of the case.

The Employers' Liability Company filed an exception of no cause of action, which was overruled and judgment rendered against it for 300 weeks at $8.58 per week. No judgment was rendered against Hotard, who was thereby absolved from liability. Plaintiff and the Employers' Liability Company have appealed.

In so far as the court a quo failed to condemn Hotard its judgment is clearly erroneous. He was the principal contractor and under the plain provisions of the law liable for injuries, or death, of employees of sub-contractors. See Sec. 6 of the Act.

The remaining question is whether the surety of the sub-contractor can be condemned in these proceedings, either at the instance of plaintiff, who prays for a judgment, in solido, with the defendant Hotard, or at the instance of Hotard, who prays for a judgment in warranty.

The following provisions of the law are of interest:

Under Section 6, paragraph 2, of the Compensation Act, it is provided:

"Where the principal is liable to pay compensation under this section, he shall be entitled to indemnity for any person who would be liable to pay compensation to the workman independently of this section and shall have a cause of action therefor."

Paragraph 3 of this section reads:

"Nothing in this section shall be construed as preventing a workman from recovering compensation under this act from the contractor instead of the principal."

Paragraph 4 provides:

"A principal contractor, when sued by an employee of a sub-contractor or his dependent, shall have the right to call in that sub-contractor or any intermediate contractor or contractors as defendant or co-defendant."

Section 23 reads in part as follows:

"That no policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon, and that this obligation shall not be affected by any default of the insured after the injury, or by any default in the giving of any notice required by such policy, or otherwise. Such agreement shall be construed to be a direct obligation by the insurer to the person entitled to compensation, enforceable in his name."

Section 25 reads in part as follows:

"That if any employer shall carry insurance against liability under this act, and said employer shall be or become insolvent, or any execution upon a judgment for compensation be returned unsatisfied, an employee of such employer, or the dependents of a deceased employee, who shall be entitled to payment under this act, may enforce their claim to payments against the insurer of such employer."

It will be observed that the law contemplates that the principal contractor shall be liable to the employee of the sub-contractor and gives to the principal contractor a right of action against the sub-contractor, and against any person who, but for the section making the principal liable, would be liable to the employee (in this case the insurer).

The employee, who is the subject of particular concern, is given a right of action against the insurer but only when compensation is awarded or agreed upon (under Sec. 23), or when the employer becomes insolvent or execution upon a judgment for compensation is returned unsatisfied (Sec. 25). See Thompson vs. Levert, 2 La. App. 159.

The act contemplates that there shall first be a default on the part of the employer before a cause of action can arise as against the insurer. This arrangement does not seem extraordinary and certainly not inconsistent with the principles of law governing suretyship. Nor is there involved in this construction any abatement of the paternal administration of the compensation statute in the interest of the employee, by the courts of this and the other states where it obtains.

We are not considering formal rules of procedure which the law (Par. 4, Sec. 18) implies we should ignore, but a matter of substance, the conferring of a right of action, where ordinarily there is none, and as was said in Benjamin vs. Standard Accident Insurance Company, 152 La. 874, 94 South. 428:

"Counsel say that mere technicalities cannot avail in suits under the compensation act * * *. The technicalities which are discountenanced by the Workmen's Compensation Act are those of procedure, not those which go to the merits of the case. The latter are not properly speaking technicalities but matters of substantive law."

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in plaintiff's favor and against Theodore O. Hotard, condemning the said Hotard to pay plaintiff $8.58 a week for 300 weeks, beginning March 26th, 1926, with interest upon each installment from its due date at the rate of 5% per annum, with all costs.

It is further ordered that the right be reserved to Theodore Hotard to claim in

appropriate proceedings whatever may be due him by the Employers Liability Corporation of London, England, by reason of this award.

———

CLAIBORNE, J.  Dissenting.

Griffin was a laborer; he was employed by Thomas Moulding Brick Co. of Chicago, a sub-contractor on a building; the Employer's Liability Assurance Co. signed their compensation bond; Griffin was killed in the building; his widow sued the contractor and the Moulding Co. and the Assurance Co. under Sec. 25 of the Act of 1914; the Thomas Moulding Co. of Chicago was served but dropped out of the case. The assurance company excepted that under Section 23 of the Act of 1914 the obligation of the assurance company is "that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon, and that this obligation shall not be affected by any default of the insured", and the argument is advanced that it is only where and after compensation may have been awarded or agreed upon that the policy of insurance matures into a contract for the benefit of the employee, and when his right of action accrues against the assurance company.

I am of the opinion that the liability of the assurance company is fixed at the time of the signing of the policy of insurance.  If, however, an award or an agreement was a condition precedent to the right of action against the assurance company then the suit against it was not without cause or right of action, but was only premature, Chalaron vs. McFarland, 9 La. 230, and prematurity was not pleaded and cannot be supplied.  But admitting that the statute does require a previous

award, the evidence is that the Moulding Company resides in Chicago and that it cannot be sued in this state.  Article C. C. 3066 provides that no suit shall be instituted against any surety on an appeal bond until the necessary steps have been taken to enforce payment against the principal."

Yet our Supreme Court has decided that, notwithstanding this article, a creditor may proceed at once against the surety before any suit shall have been instituted against the principal whenever it shall appear that proceedings against the princpial are not possible, or unavailing, or useless, or when the principal has no property or is absent. Gale vs. Doll, 28 La. Ann. 718; Pinard vs. George, 30 A. 386; State vs. Jacob & Gunter, 30 La. Ann. 535; Rieks vs. Gantt, 35 La. Ann. 923; Aaren vs. McDonald, 32 La. Ann. 989; Bourgeat vs. Adams, 11 La. Ann. 78; Thompson vs. American Surety, 144 La. 1106, 81 So. 731.

In Alley vs. Hawthorne, 1 La. Ann. 122, the court said on p. 126:

"We think that if the creditor cannot take out his execution on the judgment by reason of a change in the condition of the debtor's estate which prevents its being reached by that process the law requires from him no act in order to secure his immediate recourse against the surety on an appeal bond, and that we can require none."

A fortiori is this the case when the liability statute provides under Section 17, S. 4, that "the judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided.  The judge shall decide the merits of the controversy as equitably, summarily, and simply as may be".

For these reasons I respectfully dissent.

(Signed)   CHAS. F. CLAIBORNE,
Judge.