## RUTLAND v. GENERAL ACCIDENT FIRE & LIFE ASSUR. CORPORATION, LIMITED, OF PERTH, SCOTLAND.

### No. 2221.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

Jos. A. Gladney, of Baton Rouge, and Dalton Barranger, of Covington, for appellant.

Ott & Johnson, of Franklinton, for appellee.

Le BLANC, Judge.

Plaintiff has filed this suit to recover compensation under the Workmen's Compensation Law of this State, Act No. 20 of 1914 as amended, at the rate of $20 per week for a period not exceeding 300 weeks, beginning October 28, 1939, less the sum of $60 which represents three weeks' compensation which he alleges has already been paid him. His demand is made against the General Accident Fire & Life Assurance Corporation, Ltd., of Perth, Scotland, which, he alleges, was carrying compensation insurance in order to protect one W. F. Gillespie, who was at the time engaged in construction work in the Parish of Washington, and by whom he had been employed to do some plumbing in a building then being erected.

According to the allegations made in plaintiff's petition, the employer, Gillespie, requested him and a fellow employee named Bailey to advise him what would be their

price for their labor for installing plumbing and appertaining fixtures in the building under construction. He avers that an estimate was made and an oral agreement entered into under which Gillespie, whom he refers to as the employer, was to pay them each the sum of $75, that amount representing the earnings or wages of each at $8 per day, at the estimated time it would take them to complete the job. He avers that under the contract between them, the employer was to have full and complete power and control over the work, was to furnish all material, and that they were subject to discharge at his will.

Plaintiff then sets out the nature of the injury which he sustained and which he claims gave rise to his demand for compensation. He alleges that while at work on October 28, 1939, he stepped on a loose piece of concrete near where a mortar box had been cleaned and that the same caused him to turn and snap his ankle, the injury later developing into a rather severe injury. He alleges that compensation was paid him at the rate of $20 per week for three weeks and then prays for judgment in the amount and for the period of time as already stated.

The defendant filed an exception of no right of action, based on the following grounds: (1) That the said W. F. Gillespie, whom plaintiff refers to as the employer, was not a builder by trade or profession but was engaged at the time in building his own home which was outside of his regular trade or profession as a chemical engineer for the Gaylord Container Corporation; (2) that there was no contract of employment between Gillespie which would bring the nature of plaintiff's employment under the terms of the Workmen's Compensation Act; (3) that the work which plaintiff was engaged in as a plumber was being done by him and his partner, L. W. Bailey, in their capacity as professional plumbers and independent contractors, or in the alternative, that the plaintiff was working for Bailey who himself was an independent contractor; and (4) in the event it should be found that plaintiff was employed by Gillespie, that the Compensation Statute does not apply to him since there was no written agreement between them electing to come under the provisions of the Workmen's Compensation Law. In addition the defendant filed an exception of no cause of action.

Testimony was taken on these exceptions, both of which, it appears, form the defense which the defendant had to present to plaintiff's suit. After trial and submission of the exceptions there was judgment in favor of the defendant maintaining the exception of no right of action and plaintiff's suit was dismissed at his costs. From a judgment so decreeing he now prosecutes this appeal.

The plaintiff, testifying as a witness, stated that he had never been in business, having always worked for wages. Regarding the Gillespie job he says that he and Bailey were called by Gillespie to see about the work and were asked about what the labor would amount to altogether. They made him a price after looking at the plans and specifications and Mr. Gillespie wrote out the memorandum which was signed by Bailey. He was present at the moment and in fact admits that he agreed to everything the same as did Bailey. They worked together on the job, having employed for a few days at least a negro helper, and after paying the latter he and Bailey divided the balance of the amount they were paid.

Mr. Gillespie testified that this was a private home which he was having built under the supervision of an architect whom he had employed, parts of the work being sub-contracted and others being done under the supervision of a foreman he had on the job. Shown the memorandum which we have just referred to, he says that that was the one covering Rutland & Bailey's work and was made after the plans and specifications had been examined by them. They both went over the figures and he understood that they were partners. He did not keep their time, neither did his foreman, and no supervision was exercised over them save and except their work as a whole had to be satisfactory to the architect. He paid them both directly from time to time and never had any idea of dividing the pay equally between them. He says he did not know anything about the Workmen's Compensation Law when he began the construction of this building; that he did take out some insurance with a local Indemnity Company in Bogalusa to protect him in any way he thought that he might become liable. Like with all other contractors who worked on the job he had Rutland and Bailey take out insurance. Whilst the policy of insurance was taken in his name he insisted that they take part in paying the premiums and it is shown in the memorandum which he prepared and which was signed by Bailey, that the price which they were to pay for

the premium is therein stipulated and charged to them. Mr. Gillespie testifies that he is a chemical engineer by profession, being technical director for the Gaylord Container Corporation, and that this home which he had built is the only one or in fact any kind of building he ever was engaged in constructing at all in Bogalusa.

L. W. Bailey, the other party to the agreement for the plumbing work, testified that after looking at the plans and specifications he submitted a bid and that he and Rutland divided the payment after paying for the help employed by them. There was no record kept of either one's time, as he says they were working together. Figuring on the job, he says that they considered the price which they agreed to do it for would just about pay their labor. He says that Mr. Gillespie asked them to take the insurance but he is not familiar with the Compensation Law of the State. Neither he nor Rutland are licensed plumbers. There is testimony regarding some extra work which was done by them on the job, and for which they were paid, but that seems to have no connection or relation whatever with the demand made in this suit.

■■ Under the state of facts as herein presented we are of the opinion that the district judge was entirely correct in reaching the conclusion that the plaintiff was an independent contractor, and that being so, he certainly has no right of action against the man with whom he and his partner had contracted, W. F. Gillespie. There are numerous cases in which the provisions of the Workmen's Compensation Statute, relating to independent contractors, particularly those provisions in the amending Act No. 85 of 1926, have been considered by the Courts, and it so happens that one of the most recent of these is that of Rodgers v. City of Hammond, 178 So. 732, 735, in which this court held that in determining the issue whether a person is an independent contractor under the statute, or not, three factors must be taken into consideration: "First, whether the service is rendered for a specified recompense; second, for a specified work either as a unit or a whole; and, third, whether the person rendering the service retains control and direction over the means and methods employed by him in accomplishing the work." Reverting back to the testimony, as we have outlined it, we find all three of these factors presented in the plaintiff's case and undoubtedly, in our opinion, he was, as far as this job is concerned, an independent contractor as defined under the provisions of the amending Act of 1926 just referred to.

■ With that point settled there only remains now the question as to plaintiff's right of action against the defendant, insurance company, Gillespie's surety under the contract of insurance. That question might be the source of further controversy in the case were it not for the fact that the Supreme Court has already specifically held that where an employee has no right of action under the Statute against the employer, he has none against the employer's surety. This ruling was made in the case of Benjamin v. Standard Accident Insurance Co., 152 La. 874, 94 So. 428. The district judge was therefore correct in sustaining the exception of no right of action on this ground. We might add that he also gave full consideration to the other ground on which the exception was based, namely, that the nature of the employer's business being non-hazardous, a written agreement between him and the plaintiff under which they would elect to come under the benefit and protection of the provisions of the Workmen's Compensation Statute was necessary in order for those provisions to apply, and he held that as no such written agreement was shown to exist, plaintiff was further without right of action. In view of the conclusion we have reached on the other ground on which the exception was based, we find it unnecessary to consider this issue and express no opinion on it.

The judgment being found correct, it is affirmed at the costs of the plaintiff, appellant herein.