This is a suit for compensation under the Louisiana Workmen's Compensation Law, Act No. 20 of 1914, as amended. The defendants are Dr. J. A. Colclough, who is alleged to have been the employer of plaintiff, and Sun Indemnity Company of New York, which corporation is made defendant under the allegation that it had issued to Dr. Colclough a policy of Workmen's Compensation Insurance, which was in force at the time of the occurrence of the alleged accident to which plaintiff charges his present total disability is due.
Plaintiff alleges that he was employed by Dr. Colclough to do general concrete, masonry and carpentry work, and that while he was "engaged in pulling a bucket of concrete under the premises 5153 Baccich Street, New Orleans, * * * he struck is back on a floor joist, * * *." There is no specific allegation that Dr. Colclough was engaged in business as a contractor or as a builder, and because of the absence of such allegation, defendants filed exceptions of no right and no cause of action. These exceptions were argued in the District Court, and while they were being held under advisement, plaintiff filed a plea of estoppel in which he contended that defendants could not be heard to assert that Dr. Colclough was not engaged in one of the hazardous occupations contemplated by the compensation statute since he had obtained from the other defendant, Sun Indemnity Company, a policy of insurance as a part of which there were certain declarations, one of which, in the classification of operations covered by the policy, contained the following: "1(a) Carpentry in the construction of dwellings not exceeding three stories in height — including installation of interior trim, builders' finish, or cabinet work and the construction of private garages in connection with such structures. (Carpentry in the construction of detached private residences for occupancy by one or two families to be separately rated.)"
The judge a quo overruled the exceptions, stating that he did not have before him all of the issues and that he, therefore, felt that he did not have the right to refer an exception to the merits and that, therefore, it would be best to overrule the exceptions since "the ends of administering an exact justice will better be served at this time by overruling the exception of no legal right or cause of action."
The defendants filed answer in which they admitted the employment of plaintiff by Dr. Colclough, but in which they denied that there was any liability primarily because of the fact that Dr. Colclough was not engaged in an occupation covered by the compensation statute, and for the further reason that plaintiff had not sustained any injury while in the employ of Dr. Colclough which had caused his disability.
After an extended trial on the merits, there was judgment dismissing plaintiff's suit. Plaintiff has appealed. Defendants have answered the appeal, praying that the exceptions be sustained and that the judgment, which overruled the exceptions, be reversed but that the final judgment dismissing the suit be affirmed.
We first address ourselves to the question which is posed by the plea of estoppel, which was filed by the plaintiff.
The contention is that the defendants cannot be heard to contend that Dr. Colclough was not engaged in an occupation contemplated by the statute, since he applied for and secured from the other defendant a policy of insurance protecting him against liability for compensation, and in his application set forth that he intended to engage in the occupation of "carpentry", etc.
The identical question which is presented by this plea of estoppel was made by the plaintiff and considered by us in Franz v. Sun Indemnity Co. of New York, La. App., 7 So.2d 636, 638. We find nothing whatever in the facts of the case at bar which distinguish it and, therefore, feel *Page 665 
that what we said in the Franz case is decisive here. There we stated the issue to be: "If by the issuance of a policy in which it agreed to indemnify the employer corporation against loss due to liability for compensation and by the acceptance of a premium therefor the insurer estopped itself to contend that the employer, because of the nature of its business, could not be liable in compensation, then that is an end of the entire matter so we should first consider that contention, which is in the nature of a plea of estoppel. * * *"
We set forth at length our reasons for concluding that no estoppel resulted from the fact that an insurance policy had been applied for and had been issued.
In Benjamin v. Standard Accident Insurance Co., 152 La. 874, 94 So. 428, 429, a question almost identical was presented, and there the Supreme Court said: "The admission made by defendant company in its original answer was that it was the insurer of the employer; but the defendant company accompanied this by a denial of liability to plaintiff. We do not see that there has been any change in the defendant company's attitude. Independently of all admission, the fact stands out that the defendant company was the insurer of the employer; but from that fact does not result in favor of plaintiff a right of action under the Workman's Compensation Act. Plaintiff had no right of action under the act against the employer, and has none against the surety of the employer."
Following what the Supreme Court said in Benjamin v. Standard Accident Insurance Company, supra, the Court of Appeal for the First Circuit, in Rutland v. General Accident Fire and Life Assurance Corporation, Ltd., La. App., 200 So. 486, 488, said: "With that point settled there only remains now the question as to plaintiff's right of action against the defendant, insurance company, Gillespie's surety, under the contract of insurance. That question might be the source of further controversy in the case were it not for the fact that the Supreme Court has already specifically held that where an employee has no right of action under the Statute against the employer, he has none against the employer's surety. This ruling was made in the case of Benjamin v. Standard Accident Insurance Co., 152 La. 874, 94 So. 428. The district judge was therefore correct in sustaining the exception of no right of action on this ground."
Since defendants are not estopped to contend that Dr. Colclough was not engaged in a business which was within the contemplation of the compensation statute, we pass on to a consideration of what was the nature of the business, if any, other than that of the practice of medicine, which was conducted by the doctor.
Since defendants have reargued their exceptions in this Court and have strenuously contended that the case should have been dismissed in limine and on those exceptions, we first direct our attention to a study of the allegations of the petition. We immediately notice that there is no allegation which charges that Dr. Colclough was engaged in a business hazardous by nature and within the group of occupations listed in the statute. The only allegation is that plaintiff was employed to do general concrete, masonry and carpentry work, and there is not one word which sets forth that Dr. Colclough was engaged in any kind of occupation other than the practice of medicine. We do not think it a necessary inference from the allegation that one who employs some one else to do such work is engaged in the business of constructing or building or doing anything of that kind. Nevertheless, because this is a compensation case and because we agree with the district judge that it is best to have all the facts before us, we agree that he was correct in overruling the exceptions so that the full nature of all the operations conducted by Dr. Colclough might be presented in the record.
When we come to consider the evidence, we find that there is a complete absence of a single word which would indicate that the defendant, Colclough, was to any extent engaged in an occupation which was within the coverage of the statute. In addition to the proof that the doctor is engaged in the practice of his profession, the only statements in the record, which even refer to any other work which he *Page 666 
may have conducted, are his own statements. When asked: "Have you ever been engaged in the building or construction trade?"
his answer was: "Only as regards this particular job, and other minor jobs on other homes which I owned."
In Shipp v. Bordelon, 152 La. 795, 94 So. 399, 400, our Supreme Court was confronted with what we consider the exact situation presented here. There Dr. Bordelon was the owner of a building in the City of Alexandria, Louisiana. He employed two workmen to do repair work on this building. One of them, Walter Shipp, a carpenter, was injured, and he brought suit in compensation against Dr. Bordelon. The defendant contended that he was not engaged in one of the hazardous occupations listed in the compensation statute, and that, consequently, he could not be held liable in compensation even though the particular job in which the employee was engaged was hazardous and was such as would have been within the contemplation of the act had the employer been engaged in such a business. The Supreme Court said: "* * * it is not enough that the employe shall be performing work of the character falling within the designated trades, businesses, or occupations, but it must be done 'in the course of the employer's trade,' etc., in certain trades, businesses, etc. In other words, the work must be of that character, and the employer must be engaged in that line of work as a trade, business, or occupation, in order that the act may apply. It is not pretended that the defendant was engaged, as a trade, business, or occupation, in the building, repairing, etc., of houses or other structures, but merely found it necessary to repair a certain building on his farm. * * *"
This view is followed in numerous decisions of all the courts of this state since that time.
Counsel for plaintiff argue that it is quite possible that one person may be engaged in more than one occupation or business and that even a physician, if he regularly engages in the building or repairing of houses, may be considered as engaged in that business and may, therefore, be liable in compensation to employees who may be injured while working for him in the building or repairing of houses, and we have no doubt at all that this is true. Any person may be engaged in two or more businesses. The Supreme Court recognized this in Shipp v. Bordelon, supra, saying: "We agree with counsel that it is not required, under our law, that the business of the employer must be exclusive, for one may have a dozen trades, businesses, or occupations."
Counsel make the additional argument that if a person, a doctor for instance, owns rental property from which he derives an income, the management of that property and the keeping of it in repair is a secondary business and that, therefore, any employee who works for him in making such repairs is entitled to compensation for injuries.
It may be that a person may own so many rental properties that the managing and the repairing of them might properly be considered as a secondary business or occupation. Just how extensive such holdings would have to be we are not prepared to say. But we have no hesitation in saying that if a person, such as a practicing physician, owns one or two, or even a few properties and attempts to keep them in repair, he should not be considered as being in the business of repairing houses. If we could agree that the maintaining of only one piece of rental property could be considered as a secondary business, we cannot see that any different result would be accomplished here, because here the house under repair was not one which was being rented out and from which revenue was being derived, but was the residence of Dr. Colclough himself, and as we have said, there is no word in the record to show that he had ever conducted repairs to other properties other than the several homes he had owned in the past.
It would be indeed a disastrous doctrine which would hold that a homeowner, who undertakes to repair his own home and employs a workman or a skilled craftsman to do his work, may be liable in compensation *Page 667 
for injuries sustained by such an employee. If the homeowner finds a slate loose or some other minor repair to be necessary and he attempts to have those repairs made by his own employee, if he is to be held liable in compensation then it will be necessary that he secure compensation insurance and the result will be that he can make the repairs only at prohibitive cost. The framers of the statute contemplated no such result.
Counsel for plaintiff make the alternative argument that if we do not conclude that Dr. Colclough was engaged in the construction business as a secondary occupation, still there should be liability for the reason that he had converted his primary occupation, — the practice of medicine, — into a hazardous business contemplated by the act. And in this connection counsel cite, with great confidence, Collins v. Spielman, 200 La. 586, 8 So.2d 608, 609, as authority for the proposition that an occupation or business that ordinarily is not hazardous and is not covered by the compensation statute may be brought within that statute, if, in the regular conduct of the business, the employer uses machinery or engages in any other practices which are specifically designated in the statute. For instance, a farmer may use tractors, trucks, or other kinds of machinery to such an extent as to justify the conclusion that he has converted a nonhazardous farming business into one which requires work in and around machinery. See Robinson v. Atkinson, 198 La. 238, 3 So.2d 604; Collins v. Spielman, supra; Staples v. Henderson Jersey Farms, La. App., 181 So. 48. An undertaker, whose business is not classified as hazardous, may, by the use of automobiles, bring his business within the statute. See Hecker v. Betz, La. App., 172 So. 816 and Franz v. Sun Indemnity Co. of New York, supra. There is no doubt of this and the Supreme Court has clearly set forth its views on this subject in the cited case, Collins v. Spielman.
But the conclusion that an ordinarily nonhazardous business may be converted into a hazardous one by the use of machinery does not bring about any different situation here for there is not one word to show that the doctor, in his practice, uses anything which would have justified the conclusion that he had converted his nonhazardous profession into a hazardous occupation contemplated by the statute.
Furthermore, even if it had been shown that he had converted his profession into a hazardous occupation, we do not see that there was the slightest connection between the practice of his profession and the repairing of or making alterations to his residence. Let us suppose that a manufacturer undertakes to make repairs to his residence and employs some one not engaged in his factory to make these repairs. Surely the mere fact that he is engaged in a hazardous occupation — manufacturing — would not bring under the protection of the act any one making repairs to his residence, for the act provides that it protects only those employees who are performing services "arising out of and incidental to his employment in the course of his employer's trade, business or occupation * * *."
Even the doctrine that we followed in Hecker v. Betz, supra, does not require a result such as that contended for by plaintiff. In that case the undertaker decided to repair the building in which he conducted a business which had been made hazardous by the use of automobiles which were stored in the building which was being reconstructed. No similar situation exists here.
We conclude that plaintiff has not shown that he was injured while performing services arising out or incidental to his employment in the course of a hazardous trade, business or occupation of his employer. Conseqently, the judgment appealed from is affirmed at the cost of appellant.
Affirmed. *Page 668