LOTTINGER, Judge
(dissenting).
This case and the case of Aguillard v. Globe Indemnity Company, La.App., 63 So.2d 452, presents two important questions to me, and counsel for defendant has ably summed up the two questions in his supplemental brief in the Aguillard case. They are as follows:
1. Whether the deceased in the performance of services for the .Town of Basile, was excluded from coverage under the Workmen’s Compensation Law of Louisiana ?
2. Whether a workmen’s compensation insurance policy can be extended to include persons not within the coverage of the workmen’s compensation law by estoppel or under the theory of “stipulation pour autri” ?
I answer the first question in the affirmative, that the deceased was excluded from coverage under the workmen’s compensation law of Louisiana, in the performance of services for the Town of Basile as a night watchman or policeman. My basis for that conclusion is first predicated on the fact of paragraph one of Section 1 of act 20 of 1914, which states that it is only applicable to the following:
“Every person in the service of the State, or of any parish, township, incorporated village or city, or other political subdivision, or incorporated public board or commission in this State authorized by law to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the State, or of any parish, township,, incorporated village or city, or other political subdivision * ‡ * Ü
Secondly, that the great weight of authority in the United States as stated by American Jurisprudence, Volume 58, Section 154, under Workmen’s Compensation, is quoted as follows:
“Policemen and firemen have generally been held not to be employees, workmen, or laborers, within the meaning and operation of those terms as used in compensation acts, and, therefore not within the coverage of such an act in the absence of any provision requiring their inclusion, although a contrary conclusion has been reached in some cases.”
Thirdly, in view of the jurisprudence of the Supreme Court of this state and of this Circuit in the cases of Hall v. City of Shreveport, 157 La. 589, 102 So. 680, and Coleman v. Maryland Casualty Com *450 pany, La.App., 176 So. 143, wherein it was held-that a policeman and/or night watchman was an official and thereby expressly excluded from the operations of the act. It appears that, without a quote, nevertheless, in these two cases, the Supreme Court, as well as this court followed the greater weight of authority in the United States in declaring that a policeman was an official arid therefore not within the coverage of the Workmen’s Compensation Act.
It is to be remembered that the Supreme Court in the Hall cáse, which was handed down in 1925, specifically called to the attention of the Legislature that this was a question for the Legislature and not for the judicial department of the government and that if the Legislature intended policemen to be covered in the Workmen’s Compensation Law of Louisiana, that it was the duty of the Legislature to so bring them within and under the act. It was not until 1950, after the death of these officials, that the Legislature saw fit to so revise or amend the Workmen’s Compensation Law of this state, so as to provide that the members of the police department, who were not elected officials shall be covered by the law and shall be eligible for compensation. Therefore, during this 25 year interval or period of time, the law of this state, by Legislative enactment, as well as, by jurisprudence, pronounced and interpreted by the Supreme Court of this state, as well as our court, provided that policemen and/or night watchmen were not covered under the Workmen’s Compensation Act of Louisiana. This is borne out by the very revision, which took place in 1950, because it was then for the first time that the Legislature acted upon the subject matter after the Hall case and it is for these reasons that I contend that the deceased in these cases were excluded from coverage under the act.
With reference to the second question, I next quote Paragraph 4 of Section 1, of A.ct 20 of 1914, which is as follows:
“An employer and any employee in a trade, business or occupation not specified in paragraph 2 of this Section and anyone engaged in a trade, business, or occupation that may not ’be determined to be hazardous under the operation of paragraph 3 of this Section, may, prior to the accident, voluntarily contract in writing to come under the benefit and protection of the provisions of this act with the same force and effect as though they had been specifically included instead of omitted.”
According to this paragraph, any employer and employee who did not come under the provisions of paragraph 2 or 3 of section 1, could contract in writing to come under the benefit and protection of the act. You will note, however, in this particular paragraph that .it made no mention or reference whatsoever to paragraph 1 as hereinabove quoted, dealing with persons employed by the state and political subdivisions. There might be some question as to whether or not they would have a right to enter into such a written contract and agreement to come under the provisions of the act, but assuming for the sake of argument, that they did have a right to so contract, that would have to be a contract in writing between the employer and employee to come under the act. I fail to find any such contract between the Town of Basile and the deceased in this record.
The big factor to be remembered in this case is the fact that officials are specifically excluded from the operation of the act and their employment is not considered to be hazardous and the only way under which that relationship can be considered hazardous is if it is provided in the act specifically or it is made so by other provisions of the act or it is made such by written agreement.
It is to be remembered that the Workmen’s Compensation Act is an act of the Legislature, dealing with hazardous employment and that if the employee is injured while working for an employer whose trade, business or occupation is hazardous and during the scope of his employment, he then has a right and cause of action against his employer for compensation. The act further provides that in Section 23, if the employer provides *451 workmen’s compensation insurance, that the policy shall be construed to be a direct obligation by the insurer to the person entitled to compensation and enforceable in his name. Therefore, as was stated by the Supreme • Court in the case of Benjamin v. Standard Accident Ins. Co. of Detroit, 152 La. 874, 94 So. 428, that if the injured employee had no right of action under the compensation act, against the employer, he had none against the surety of the employer. I don’t believe it can be contended that the deceased or his dependents have a right of action against the Town of Basile.
I do not believe that the mere collection of premiums as was done in this case by the insurance company, and the specifically naming of the class of policemen in the schedule attached to the insurance policy or the employee believing he to be covered by such a policy creates a written contract, between the employer and employee as to come under the provisions of the act. Nor do I believe such facts to be an estoppel against the insurer and thereby bar them from pleading that the employment was not hazardous and did not come under the act and thereby extend coverage to include persons specifically excepted and excluded from the Workmen’s Compensation Law of Louisiana.
This is very forcibly brought out in the case of Franz v. Sun Indemnity Co. of New York, La.App., 7 So.2d 636; Prater v. Sun Indemnity Co. of New York, La. App., 38 So.2d 663; Fields v. General Casualty Co. of America, La.App., 36 So. 2d 843; Rutland v. General Accident, Fire and Life Assurance Corporation, La.App., 200 So. 486. From the reading of these cases, I am therefore of the opinion that a Workmen’s Compensation policy can not be extended to include persons not within the coverage of the Workmen’s Compensation Law by estoppel.
Plaintiff advances the theory that there is a stipulation “pour autri” involved here, based on the following clause of the insurance policy, to wit:
“This contract is made for the benefit of such employees or such dependents and is enforceable against the company, by any such employee or such dependent in his name or on his behalf at any time and in any manner permitted by law.”
It ‘is to be remembered that the insurance company in a workmen’s compensation policy, merely stands as the surety for the employer and is only required to pay if the employer is required to pay. I note in provision 1(a) of the policy, the following:
“To pay promptly to any person entitled thereto under the Workmen’s Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as may become due,
(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted • by this employer under such of certain statutes, as may he applicable thereto, cited and described in an endorsement attached to this policy, each of which statutes is herein referred to as the Workmen’s Compensation Law; * *”
You can therefore see that a workmen’s compensation insurance policy merely protects the employer for whatever claims and demands made upon him by virtue of the act. The clause hereinabove first quoted from the policy, which gives plaintiff some comfort in his contention of “stipulation pour autri” is nothing more than a restatement of Section 23 of Act 20 of 1914, which provides that if the employer obtains a workmen’s compensation insurance policy, that such policy must be construed to be a direct obligation by the insurer to the person entitled to compensation and enforceable in his name. That is a provision which the Legislature has placed in the act and all workmen’s compensation policies, written in the State of Louisiana, are then burdened with this provision which gives the injured employee or his dependents a direct action against the insurance company. The provision in the policy as hereinabove first quoted, which gives counsel for plaintiff some comfort is not a provision which the employer and insurance company placed in the policy for the benefit of third parties or *452 for the benefit of any employee, but is a provision made mandatory by the Legislature. This provision of the Workmen’s Compensation Law is part and parcel of the policy, regardless as to whether or not the employees of the employer assented to, accepted it or what not.
Therefore for the above and foregoing reasons, under the facts as found in this case, I do not believe that a workmen’s compensation policy can be extended to include persons not within coverage of the Workmen’s Compensation Law by the proposed “stipulation pour autri” as herein asserted by counsel for plaintiff.
For the above and foregoing reasons, I hereby respectfully dissent from the majority.