MILLER, Judge.
The trial court sustained defendants’ motion for summary judgment dismissing plaintiff Rogers’ tort action on the basis that his exclusive remedy was in workmen’s compensation. We affirm.
George A. Rogers was employed as a dragline operator by the sole proprietor defendant Raymond C. Tatford d/b/a Raymond C. Tatford Excavation Company. Tatford was insured for workmen’s compensation and personal liability by defendant Highlands Insurance Company.
At the end of the November 10, 1970 workday and after dark, Tatford sent Rogers to remove tools, supplies and a battery from the dragline. Rogers fell and severely injured his spine. It is alleged that Tat-ford was negligent in allowing waste oil and grease to accumulate inside the drag-line cab because Tatford “refused to hire an oiler”, and that Tatford was negligent in failing to repair steps which were pointed out as dangerous and unsafe by a Highlands inspector. Defendants’ motion for summary judgment urged that since plaintiff was an employee, LSA-R.S. 23:1032 provided for an exclusive remedy under the workmen’s compensation laws. The summary judgment was properly granted.
After plaintiff was notified that the trial court had granted the motion for summary *279 judgment but before judgment was signed, plaintiff amended the pleadings to allege a separate cause of action against Highlands Insurance Company, as follows :
“In the alternative and as a separate cause of action, Highlands Insurance Company represented unto Raymond C. Tatford Excavation Company and the individual defendant that they would undertake to inspect the unsafe working conditions and warn the aforesaid company thereof; Highlands Insurance Company did inspect, find and warn of the defective steps and yet negligently failed to require that the defective conditions be corrected; thus the negligence of Highlands Insurance Company was a proximate cause of plaintiff’s injuries.” (Tr. 23.)
As permitted under LSA-C.C.P. Art. 2163, defendants filed an exception of no cause of action to the quoted amendment in this court. We sustain that exception.
Plaintiff’s brief detailed three specifications of error. It is contended that: 1) Tatford was an individual distinct from Tatford Excavation Company, employer, and consequently the LSA-R.S. 23:1101 third person exception to the exclusive workmen’s compensation remedy of LSA-R.S. 23:1032, allowed a tort action for Tatford’s negligence. 2) Defendants were liable in tort because plaintiff’s injury did not result from an “accident” as defined by LSA-R.S. 23:1021. 3) Highlands Insurance Company is a third person as defined by LSA-R.S. 23:1101 and was independently liable to plaintiff on a separate cause of action based on its independent negligence.
Plaintiff’s first argument that a distinction should be made for purposes of tort liability between Tatford the individual and Tatford the company-employer lacks merit. Executive officers who hold stock in a corporation are susceptible of suit in tort under the third person tortfeasor doctrine of LSA-R.S. 23:1101, notwithstanding the immunity from tort liability of the corporate employer under LSA-R.S. 23:1032. Adams v. Fidelity & Casualty Company, 107 So.2d 496 (La.App. 1 Cir. 1958); Hebert v. Blankenship, 187 So.2d 798 (La.App. 3 Cir. 1966). In those cases, the corporate employer is a separate legal entity. Here, the sole proprietor Tatford bears full legal responsibility for Tatford Excavation Company acts. LSA-R.S. 23:1032 specifically applies. Tatford as employer is liable to his employees only for benefits under the workmen’s compensation statute. Vizena v. Travelers Insurance Company, 238 So.2d 238 (La.App. 3 Cir. 1970).
Plaintiff’s second argument is that plaintiff’s injury was foreseeable and to be expected; that the workmen’s compensation act does not apply because “ ‘Accident’ means an unexpected or unforeseen event ...” LSA-R.S. 23:1021(1). We are not convinced. Plaintiff’s major premise that defendants knew the injury would occur is unacceptable. If Tatford knew the accident would happen, wouldn’t plaintiff have the same knowledge? The definition of “Accident” in § 1021 specifically includes an event happening “ . with or without human fault . . . ”
The third error suggested is that Highlands is liable on a separate cause of action because it failed to correct known defects. The original petition did not allege fault on the part of Highlands and the motion for summary judgment did not present this issue. Insofar as plaintiff argued this issue to the trial court, the court properly applied the general rule that the insurer is liable only when its insured is. Benjamin v. Standard Accident Insurance Company of Detroit, 152 La. 874, 94 So. 428 (1922); Smith v. Crossett Lumber Company, 72 So.2d 895 (La.App. 3 Cir. 1954); Ryland v. Insurance Company of North America, 255 So.2d 221 (La.App. 1 Cir. 1971). The instant case involves a situation wherein the insured is protected against tort suits because of the exclusiveness of the remedy afforded Rogers under the workmen’s compensation statute. LSA-R.S. 23:1032. Vi *280 zena v. Travelers Insurance Company, 238 So.2d 238 (La.App. 3 Cir. 1970).
 A cause of action can lie against an insurer for failure to inspect. Keller v. Dravo Corporation, 441 F.2d 1239 at 1243 (5th Cir., 1971). But here, plaintiff alleged that Highlands did everything it was obligated to do. Highlands inspected and warned. It is not alleged that Highlands was obligated to require correction of the defective conditions. Since Highlands was not so obligated, we need not consider whether or not such an obligation would benefit this plaintiff. Plaintiff’s amended petition did not allege a cause of action.
Highlands’ exception of no cause of action is sustained.
The judgment of the trial court is affirmed at appellant’s costs.
Affirmed.